858 So.2d 1263 (2003)
Eddie JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D03-3317.
District Court of Appeal of Florida, First District.
November 17, 2003.
Eddie Jones, pro se, petitioner.
Charlie Crist, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Eddie Jones petitioned this court for a writ of habeas corpus, contending that the lower tribunal had lacked subject matter jurisdiction over him in a criminal proceeding because a warrant for his arrest was not supported by a proper affidavit. This court issued the following order:
This court has considered the instant petition for writ of habeas corpus, which argues that the prosecuting Assistant State Attorney did not have sworn testimony to support the issuance of an arrest warrant in case number 01-660 in the Circuit Court for Columbia County. It appears to this court that this claim, or a very similar claim, relating to the same lower tribunal proceeding, has also been raised by petitioner in the following proceedings:
1. Jones v. State, 1D02-3838. This is an appeal from denial of motion for postconviction relief. The trial court's order was affirmed by opinion issued May 7, 2003. Jones v. State, 848 So.2d 311 (Fla. 1st DCA 2003).
2. Jones v. State, 1D03-2239. This is an appeal from denial of motion to vacate judgment, for writ of habeas corpus, and other relief. The claims were found by the trial court to be "successive, conclusory, non-specific, and/or time-barred." Movant/petitioner was warned that he "may be found in contempt of court and subject to loss of gain time if he continues to abuse the legal process." The appeal is pending.
3. Jones v. Crosby, 1D03-2304. The petition for writ of habeas corpus was denied June 26, 2003. Jones v. Crosby, 849 So.2d 300 (Fla. 1st DCA 2003).
4. Jones v. State, 1D03-2963. The petition for writ of habeas corpus was denied August 12, 2003. Jones v. State, 852 So.2d 236 (Fla. 1st DCA 2003).
5. Jones v. State, 1D03-3750. The petition for writ of habeas corpus is pending.

*1264 It appears that Eddie Jones' repetitive motions, appeals, and petitions, raising the same issue that was decided adversely to him in case number 1D02-3838, is an abuse of the legal process which has had an adverse effect on the limited judicial resources of this court.
Accordingly, Eddie Jones shall show cause within 15 days of date of this order why he should not be prohibited from appearing before this court in any proceeding which challenges his conviction and sentence in Columbia County case number 01-660, unless he is represented by a member in good standing of the Florida Bar in such proceeding. See State v. Spencer, 751 So.2d 47 (Fla.1999).
Petitioner has filed a response, an amended response, and an emergency notice/motion to clarify the issues in case number 1D03-3317. Having now considered these filings, this court finds that petitioner's continued attacks on his conviction and sentence are an abuse of the legal process which have had, and if allowed to continue will have, an adverse effect on the limited judicial resources of this court. Accordingly, it is hereby ordered that petitioner Eddie Jones shall retain the services of a member in good standing of the Florida Bar who shall notice an appearance in this case and in case number 1D03-2239[1] within twenty days of date of this order, failing which the cases are subject to dismissal without further opportunity to be heard. Further, no pro se papers from Mr. Jones to initiate a new collateral attack on the conviction in Columbia County case number 01-660, regardless of the remedy sought or theory for such attack, will be accepted for filing by the clerk of this court.
IT IS SO ORDERED.
BOOTH, DAVIS and PADOVANO, JJ., concur.
NOTES
[1] Petitioner filed a notice of voluntary dismissal in case number 1D03-3750 after this court issued its order to show cause.