PER CURIAM.
Charles E. Smith petitions this court for a writ of mandamus, arguing that his conviction is invalid because the jury was allowed to consider certain evidence which should have been excluded under the test set forth in Frye v. United States, 298 F. 1013 (D.C.Cir.1923). Petitioner candidly admits that this claim has previously been considered by this court and rejected. We again deny relief, finding that the petition is procedurally barred.
This court’s records reflect that this is Smith’s sixth collateral attack on his conviction.[1] We accordingly warn Smith that if he continues to proceed in this manner, sanctions may be imposed. See Jones v. State, 858 So.2d 1263 (Fla. 1st DCA 2003).
PETITION DENIED.
WOLF, C.J., ERVIN and VAN NORTWICK, JJ., concur.

. Smith v. State, 806 So.2d 471 (Fla. 1st DCA 2001) (habeas corpus denied); Smith v. State, 816 So.2d 614 (Fla. 1st DCA 2002) (affir-mance of denial of motion for postconviction relief); Smith v. State, case number 1D02-3940 (appeal from denial of a rule 3.853 motion dismissed by unpublished order for failure to comply with orders of this court); Smith v. State, 865 So.2d 487 (Fla. 1st DCA 2003) (affirmance of denial of a rule 3.853 motion); Smith v. State, 866 So.2d 766 (Fla. 1st DCA 2004) (mandamus denied).