PER CURIAM.
Defendant appeals from orders of the Circuit Court prohibiting him from filing any further pro se petitions, motions or other papers, and from another order summarily dismissing his rule 3.800(a) motion to correct a sentencing error. On the prohibition of filing pro se papers, we affirm one order and reverse another.
He has filed numerous unsuccessful post-conviction motions in two different groups of cases. In the first group[1] he was sentenced on March 22, 2002. In the second group[2] he was sentenced on September 19, 2002. As to the rule 3.800(a) motion he filed in connection with the second cases, we affirm without elaboration the summary dismissal of this motion.
While the rule 3.800(a) motion was pending, the State filed a motion to impose sanctions for the numerous repetitive and frivolous motions he has filed in all the cases. The trial court entered an order in all cases granting the relief sought by the State and prohibiting defendant from filing further pro se petitions, motions and other papers. This order referred to an order to show cause and defendant’s response to such order, neither of which appears in the summary record provided to this court. Defendant attached copies of this order and his response, however, as exhibits to his initial brief in this court. Both the show cause order and response indicated that they were filed only in the first group of cases. Nothing indicates that the order to show cause was ever entered in the second group of cases.
A trial court must first provide litigants with notice and a reasonable opportunity to respond before prohibiting further pro se filings seeking relief from a conviction or sentence. State v. Spencer, 751 So.2d 47 (Fla.1999); Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 (Fla. 4th DCA 1993). The summary record given us does not demonstrate that such notice and opportunity to *691 respond was given in the second group of cases.
In response to this court’s order specifically directing the State to show cause why the order should not be reversed to the extent it pertained to the second group, the State could assert no basis for an affirmance.
Accordingly, we affirm the order as to the first group of cases but reverse the order as to the second group.

Affirmed In Part; Reversed In Part.

WARNER, FARMER and SHAHOOD, JJ., concur.

. Trial court case numbers 01-2305, 01-2542, and 02-111 (first group).

. L.T. case nos. 02-693 and 02-1489 ("second cases”),