760 So.2d 973 (2000)
Abram JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4548.
District Court of Appeal of Florida, Second District.
May 10, 2000.
*974 PER CURIAM.
Abram Jordan appeals the trial court's order striking his third motion to correct illegal sentence. In its order, the trial court did not address the merits of any of Jordan's claims and attached no portions of the record to refute the claims. Instead, the trial court reviewed case law addressing abuse of process, described the number of prior motions filed by Jordan, and struck the motion as an abuse of process. The trial court also directed the clerk of the circuit court to summarily reject and return any additional pro se pleadings regarding Jordan's 1986 case, absent further order of the court. We reverse and remand for further proceedings.
When a trial court denies a motion for postconviction relief[1] and restricts a litigant's right to proceed subsequently in court, it must address the merits of the claims advanced by the litigant and determine that they are frivolous before commencing down the road to bar future filings. Before depriving the litigant of future access to courts, the trial court must be mindful of certain procedural due process requirements. In State v. Spencer, 751 So.2d 47 (Fla.1999), the supreme court held that prior to prohibiting further pro se attacks on a conviction and sentence, the trial court must provide a litigant notice and an opportunity to respond.
Thus, on remand the trial court must first evaluate the merits of the claims advanced. After disposing of the substantive postconviction allegations, should the trial court choose to pursue the sanction of barring Jordan from filing further pro se attacks on his conviction and sentence, it must provide him notice of the intended sanction and provide him an opportunity to show cause why the sanction should not be imposed. The order to show cause should delineate, in detail, the facts upon which the trial court intends to rely to forbid future filings.
We reverse the order of the trial court and remand for consideration of the merits of Jordan's postconviction claims and, if appropriate, an order requiring him to show cause why a sanction order should not be entered.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and FULMER and DAVIS, JJ., Concur.
NOTES
[1] The phrase postconviction relief as used in this opinion includes motions filed pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850.