PARKER, Acting Chief Judge.
Leonard Green appeals the trial court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] We affirm the order denying Green relief. However, we reverse that portion of the order directing the clerk of court to “reject for filing any pro se document seeking postconviction relief, which is presented for filing by Defendant in violation of this Order.”
When a trial court chooses to impose the sanction of barring a defendant from filing further postconviction motions, it must follow the procedure that this court set forth in Jordan v. State, 760 So.2d 973 (Fla. 2d DCA 2000).
When a trial court denies a motion for postconviction relief and restricts a litigant’s right to proceed subsequently in court, it must address the merits of the claims advanced by the litigant and determine that they are frivolous before commencing down the road to bar future filings. Before depriving the litigant of future access to courts, the trial court must be mindful of certain procedural due process requirements. In State v. Spencer, 751 So.2d 47 (Fla.1999), the supreme court held that prior to prohibiting further pro se attacks on a conviction and sentence, the trial court must *449 provide a litigant notice and an opportunity to respond.
Thus, on remand the trial court must first evaluate the merits of the claims advanced. After disposing of the substantive postconviction allegations, should the trial court choose to pursue the sanction of barring Jordan from filing further pro se attacks on his conviction and sentence, it must provide him notice of the intended sanction and provide him an opportunity to show cause why the sanction should not be imposed. The order to show cause should delineate, in detail, the facts upon which the trial court intends to rely to forbid future filings.
Id. at 974 (footnote omitted).
The record in this case reflects that the trial court considered the merits of Green’s claims. However, the record does not reflect that the trial court provided Green with notice that it intended to sanction him by barring further filings or that it provided him with an opportunity to show cause why this sanction should not be imposed. Thus, while we affirm that portion of the trial court’s order denying Green’s motion, we reverse that portion of the order which prohibits Green from filing further motions for postconvietion relief.
Affirmed in part; reversed in part.
NORTHCUTT and CASANUEVA, JJ., concur.

. As the trial court's order points out, this is Green's sixth postconviction motion, five of which have been denied. Three of these denials have been affirmed by this court. See Green v. State, 765 So.2d 825 (Fla. 2d DCA 2000); Green v. State, 667 So.2d 781 (Fla. 2d DCA 1995); Green v. State, 642 So.2d 753 (Fla. 2d DCA 1994).