793 So.2d 1141 (2001)
Charles LONG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0421.
District Court of Appeal of Florida, First District.
September 11, 2001.
Pro se, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals the trial court's order striking his pro se motion for postconviction relief. The trial court struck Appellant's motion on grounds that Appellant had abused the postconviction process and had been previously barred by court order from filing pro se motions. Appellant argues the trial court erred by striking his motion, because the trial court failed to enter a show cause order before entering its order barring him from further pro se filings. This Court issued a Toler[1] order directing the State to respond to Appellant's contention. The State responded and conceded that "[b]ecause there is nothing in the record to demonstrate that the proper procedures were followed before Appellant was restricted from filing future pro se pleadings, the cause should be remanded for reconsideration pursuant to State v. Spencer, [751 So.2d 47, 48 (Fla. 1999)]." Under Spencer and its progeny, before prohibiting further pro se attacks on a conviction and sentence, the trial court must first address the merits of the claims, and if it then chooses to pursue the sanction of barring further pro se filings, provide the litigant with notice of the intended sanction and afford the litigant an opportunity to respond through issuance of a show cause order. See id.; see also Jordan v. State, 760 So.2d 973 (Fla. 2d DCA 2000). Accordingly, we REVERSE and REMAND for reconsideration pursuant to State v. Spencer.
ALLEN, C.J., and VAN NORTWICK, J., CONCUR.
NOTES
[1] Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).