953 So.2d 12 (2007)
Sanford Paul BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2885.
District Court of Appeal of Florida, Fifth District.
February 9, 2007.
Rehearing Denied April 4, 2007.
Sanford P. Butler, Madison, pro se.
No Appearance for Appellee.
THOMPSON, J.
Sanford Paul Butler, appearing pro se, appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He raises three issues in his appeal. We affirm in part and reverse in part.
Butler's first claim is that the trial court erred when it denied his rule 3.800(a) motion as successive. In his motion, Butler argued that his jurisdictional speedy trial argument had not been decided on the merits. The record reveals that Butler made this argument before to this court and a decision had been entered on the merits. Butler v. State, 784 So.2d 1120 (Fla. 5th DCA 2001); Butler v. State, 829 So.2d 232 (Fla. 5th DCA 2002). Further, the trial court explained that Butler had filed a writ of habeas corpus in the federal court that had been denied, with prejudice, specifically addressing the merits of his speedy trial argument. The trial court correctly noted that Butler's sentence is not illegal and has been reviewed by the trial court, this court, and the federal district court. His illegal sentence claim was successive and lacked merit.
However, Butler also claims that the trial court erred because its order barred him from filing further pleadings without notice or an opportunity to be heard. The State concedes the record contains no show cause order in accordance with State v. Spencer, 751 So.2d 47 (Fla.1999). Spencer held that courts must provide notice and an opportunity to respond before preventing a litigant from bringing further attacks on his conviction and sentence. Id. *13 Therefore, we reverse and remand to attach records establishing that Butler received notice and an opportunity to be heard or, to enter an order to show cause in accordance with Spencer.[1]
Similarly, Butler argues that the court erred in recommending that the Department of Corrections forfeit his gain time as a sanction for filing successive pleadings. Based on the lack of a Spencer order, on remand, the trial court should attach records establishing that Butler received notice and an opportunity to be heard or enter such an order to show cause in accordance with Spencer, before barring him from further pro se pleadings or imposing sanctions.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings in accordance with this opinion.
PLEUS, C.J. and TORPY, JJ., concur.
[DOCNUM 0702172V]
NOTES
[1] The trial court's order stated that Butler "SHALL NOT file any further motions of any kind without the assistance of an attorney licensed to practice law in the State of Florida." Any order barring Butler from pro se pleadings should limit the prohibition to the instant case, rather than a broad prohibition against "filing any motions of any kind."