979 So.2d 262 (2007)
Charles T. McGUIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-269.
District Court of Appeal of Florida, Second District.
August 10, 2007.
STRINGER, Judge.
Charles T. McGuire appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), as well as the postconviction court's order barring him from filing any future pro se pleadings. We affirm the postconviction court's denial of the rule 3.800(a) motion without comment. We write only to explain our affirmance of the postconviction court's imposition of the bar on pro se pleadings.
McGuire is currently serving four concurrent life sentences imposed in 1990 *263 pursuant to a plea bargain. Since his conviction, McGuire has filed numerous postconviction pleadings in the circuit court. Each of the pleadings that appears in this court's records has either been dismissed or denied. McGuire appealed four of the postconviction court's orders, which this court subsequently affirmed. See McGuire v. State, 905 So.2d 135 (Fla. 2d DCA 2005) (table decision); McGuire v. State, 871 So.2d 228 (Fla. 2d DCA 2004) (table decision); McGuire v. State, 847 So.2d 471 (Fla. 2d DCA 2003) (table decision); McGuire v. State, 656 So.2d 1284 (Fla. 2d DCA 1995) (table decision).
In Jordan v. State, 760 So.2d 973, 974 (Fla. 2d DCA 2000), this court set forth the proper procedure a trial court must follow in order to impose such sanctions:
[T]he trial court must first evaluate the merits of the claims advanced. After disposing of the substantive postconviction allegations, should the trial court choose to pursue the sanction of barring [the defendant] from filing further pro se attacks on his conviction and sentence, it must provide him notice of the intended sanction and provide him an opportunity to show cause why the sanction should not be imposed. The order to show cause should delineate, in detail, the facts upon which the trial court intends to rely to forbid future filings.
See also State v. Spencer, 751 So.2d 47 (Fla.1999) (holding that a trial court must provide a litigant notice and an opportunity to respond before prohibiting further pro se attacks on a conviction and sentence).
Here, the postconviction court first determined that McGuire's claims were frivolous because he had raised them in numerous prior pleadings. The postconviction court noted that it had previously warned McGuire it would not tolerate further frivolous proceedings and attached copies of orders either denying or dismissing eight prior pleadings. Most of these meritless pleadings attacked his sentence or the voluntariness of his plea based on the same statements made by the trial court judge at sentencing. The postconviction court then ordered McGuire to show cause why he should not be barred from filing further pro se attacks.
After reviewing his response, the postconviction court ordered that McGuire was no longer permitted to file pro se postconviction attacks in this case, sufficiently demonstrating through attachments that McGuire has filed numerous meritless pleadings. Because the postconviction court followed the proper procedure for imposing this bar pursuant to Jordan, we affirm the imposition of this sanction.
Affirmed.
WHATLEY and VILLANTI, JJ., Concur.