983 So.2d 1230 (2008)
Edward L. MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-393.
District Court of Appeal of Florida, Fifth District.
June 20, 2008.
*1231 Edward L. Morgan, Bushnell, pro se.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Edward Morgan, appeals the order of the trial court prohibiting him, pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), from filing any further pro se documents in connection with his case. Because of a cart-before-the-horse problem, we remand this case to the trial court for initial consideration of the underlying rule 3.800 motion that gave rise to the Spencer order.
Mr. Morgan filed a motion to correct sentence in accordance with rule 3.800(a), Florida Rules of Criminal Procedure, seeking relief from the sentence imposed upon him in 2001, after his guilty plea to second degree murder with a firearm. It appears that Mr. Morgan has over the years filed a substantial number of pleadings seeking post-conviction relief in connection with this same case. Upon receipt of the current motion, the trial court issued an order to show cause why Mr. Morgan should not be barred from filing further pro se motions addressing this judgment and sentence pursuant to Spencer. After Mr. Morgan responded, the court immediately issued the order prohibiting further pro se filings that is the subject of this appeal.
Unfortunately, and most probably out of frustration, the trial court never addressed the merits of the rule 3.800(a) motion that was filed by the appellant. This motion was, of course, filed pro se before entry of the order prohibiting him from doing so. The State commendably suggests, and we agree, that before an order prohibiting further pro se attacks on a conviction and sentence can be rendered, the trial court must first address the merits of the claim. If it determines the claim to be frivolous, it may then pursue the Spencer sanction, after notice and an opportunity to show cause why the sanction should not be imposed. See Long v. State, 793 So.2d 1141 (Fla. 1st DCA 2001); Jordan v. State, 760 So.2d 973 (Fla. 2d DCA 2000).
Accordingly, we reverse the order prohibiting further pro se filings, and remand for consideration of the merits of Mr. Morgan's postconviction claim. If appropriate, the trial court may then issue an order requiring Mr. Morgan to show cause why a Spencer sanction order should not be entered.
REVERSED and REMANDED.
PLEUS and LAWSON, JJ., concur.