PER CURIAM.
Herbert L. Ghent appeals the order denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of his motion; however, we reverse the provision in the order declaring that Ghent will be sanctioned if he files another motion challenging his sentences.
Before filing the current motion, Ghent had unsuccessfully raised the same claim of illegal sentences in at least three earlier rule 3.800(a) motions. Consequently, when the postconviction court denied this motion, it included in its order a provision indicating it would impose sanctions, including the forfeiture of gain time, if Mr. Ghent filed any further pro se challenges to his sentences. Before restricting a party from further pro se filings, courts must provide the party with notice and an opportunity to respond to the charge that he has abused his right of access to the courts. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (recognizing the potential for abuse of the right to pro se access to the courts but declaring “it is important for courts to first provide notice and an oppor *1251 tunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence”); Butler v. State, 953 So.2d 12, 13 (Fla. 5th DCA 2007) (requiring a Spencer order before barring either future pro se pleadings or imposing other sanctions). Because the postconviction court failed to follow the proper procedure, we reverse the portion of the order prohibiting Ghent from filing future pro se attacks on his sentences. On remand, the circuit court may issue a revised order giving Ghent both notice and an opportunity to respond prior to imposing any sanction. The court should, in any such order, “delineate, in detail, the facts upon which the trial court intends to rely to forbid future filings.” See Jordan v. State, 760 So.2d 973, 974 (Fla. 2d DCA 2000).
Affirmed in part; reversed in part; remanded.
SILBERMAN, KELLY, and WALLACE, JJ., Concur.