PER CURIAM.
On April 15, 2013, this court issued an order which identified sixteen cases, including this one, which had been initiated by Nyka O’Connor in this court since 2009. The order further provided:
The court notes that Appellant has unsuccessfully sought relief in multiple cases which challenge the circumstances of his confinement with the Department of Corrections. Appellant has failed to obtain relief by appeal or extraordinary writ petition in case numbers 1D08-1102, 1D10-5664, 1D11-2873, 1D11-3470, 1D11-3650, 1D11-4424, 1D11-4981, 1D12-1748, 1D12-4074, and 1D12-4665. Appellant additionally is currently seeking relief from this court in case numbers 1D13-529, 1D13-596, 1D13-653,1D13-790, and 1D13-863.
Accordingly, Appellant shall show cause within 10 days of the date of this order why sanctions should not be imposed against him, including a prohibition against any future appeals or petitions challenging the circumstances of his confinement with the Department of Corrections, unless Appellant is represented by an attorney in good standing with The Florida Bar. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (recognizing the potential for abuse of the right to pro se access to the courts but declaring “it is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence”); Butler v. State, 953 So.2d 12, 13 (Fla. 5th DCA 2007) (requiring a Spencer order before barring either future pro se pleadings or imposing other sanctions).
O’Connor was granted an extension of time to respond to the show cause order. His response attacked this Court’s authority to prevent abuse of the legal system by restricting frivolous pro se filings because he obtained the relief he sought in numerous cases. This response in fact demonstrates the frivolous nature of many of O’Connor’s filings, which frequently requested this Court order the lower tribunal to rule on his pending frivolous motions; the filings in this Court were often made within days after the filings in the lower court. Numerous other cases have been dismissed for failure to pay a filing fee or submit an order determining indi-gency. We note that in the instant case, O’Connor attempted to use the same frivolous procedure with this Court. During its pendency, this case has already been appealed to — and summarily dismissed by— the Florida Supreme Court.[1]
In this and other cases, O’Connor has repeatedly suggested that being on “Psycho Medications” for various mental illnesses has contributed to the “shortcomings and deficiencies” in his filings. We agree with O’Connor that mental illness should not bar the courthouse doors to a litigant; we cannot conclude, however, that mental illness provides a blanket exception to the Rules of Appellate Procedure or laws of Florida. This Court has accommodated O’Connor’s requests for extensions of time and to construe improperly filed petitions for certiorari as initial briefs; has provided forms for proper filings where *473 O’Connor’s filings are improper; and has directed the lower tribunal to provide necessary rulings for O’Connor’s appeals, where necessary. These accommodations adequately compensate for any illness-related difficulty O’Connor might have in following the rules of procedure. O’Con-nor’s alleged mental illnesses do not excuse his actions in bringing frivolous appeals.
We find appellant’s pro se activities have substantially interfered with the orderly process of judicial administration in this Court. In the exercise of our inherent power to prevent abuse of court procedure, it is hereby ordered that Nyka O’Connor, in proper person, is henceforth prohibited from filing any document in this Court on his own behalf, in this or any other case, as appellant or petitioner. The Clerk of this Court is directed to refuse and return any document filed by or on behalf of Mr. O’Connor unless signed by a member in good standing of the Florida Bar. Appellant shall have thirty days from date of this order to secure the services of counsel, who shall file a notice of appearance, in any other active case before this Court where Mr. O’Connor is currently representing himself. Any case in which such a notice is not timely filed will be dismissed by order of this Court. This case is affirmed without further comment.
AFFIRMED.
LEWIS, C.J., THOMAS, and MAKAR, JJ., concur.

. O’Connor v. Watts, 110 So.3d 441 (Fla.2013) (dismissing case for lack of jurisdiction). The petition for review in the supreme court was filed before O’Connor's Initial Brief in this case was filed.