PER CURIAM.
This petition for writ of habeas corpus challenges a recent decision of this court in a postconviction appeal. In ease number 1D09-6298, petitioner sought appellate review of the summary denial of the motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. The appeal was affirmed and a motion for rehearing was denied. See Francis v. State, 34 So.3d 5 (Fla. 1st DCA 2010) (table). This petition for writ of habeas corpus is nothing more than an improper effort to seek rehearing of the prior per curiam affirmance of this court. This petition is not only an inappropriate use of a habeas petition, but a waste of this court’s resources where petitioner had already filed an unsuccessful motion for rehearing in the prior appeal. We find the petition to be frivolous.
Petitioner was directed to show cause why sanctions should not be imposed against him, including a prohibition against any future appeals or petitions challenging the judgment and sentence, unless petitioner is represented by an attorney in good standing with The Florida Bar. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999). Petitioner’s response to the show cause order does not provide a legal basis to prohibit the imposition of sanctions. We decline to bar further pro se filings from petitioner at this time, but we caution petitioner that further frivolous filings related to his 1988 conviction may result in that sanction being imposed. Additionally, pursuant to section 944.279, Florida Statutes, we direct the Clerk to forward a certified copy of this opinion to the appropriate facility in the Department of Corrections for disciplinary action against petitioner.
The petition for writ of habeas corpus is DISMISSED. See Baker v. State, 878 So.2d 1236 (Fla.2004) (reiterating that ha-beas relief cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions and that such petitions are subject to being dismissed as unauthorized).
BENTON, C.J., PADOVANO and WETHERELL, JJ., concur.