627 So.2d 1298 (1993)
Anthony R. MARTIN, Petitioner,
v.
CIRCUIT COURT, SEVENTEENTH JUDICIAL CIRCUIT, etc., Respondent.
No. 93-2006.
District Court of Appeal of Florida, Fourth District.
December 10, 1993.
*1299 Anthony R. Martin, pro se.
John D. Voight of Doumar, Curtis, Cross, Laystrom & Perloff, Fort Lauderdale, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner, Anthony R. Martin, seeks a writ of common law certiorari to review an alleged dereliction of duty by the Clerk of the Circuit Court in Broward County. The clerk refused to file Martin's notice of appeal from a judicial administrative order entered by the Chief Judge of the Seventeenth Judicial Circuit that enjoins Martin from appearing pro se in all lawsuits, petitions, and appeals initiated in any division of the Seventeenth Judicial Circuit. The chief judge cited the numerous and frivolous actions filed by Martin to show the necessity for restraint.
Martin alleges that the circuit court clerk refused to file the notice of appeal and a motion for stay which accompanied it. He seeks a writ to compel the clerk to file the notice of appeal and to compel the chief judge to rule on the motion for stay.
It is impossible to review the clerk's refusal to accept the notice of appeal independent of the administrative order, since the clerk's action was taken in response to that order. The order directs the clerk to return any papers not in conformity with the order, and also directs the clerk to confer with the chief judge for further guidance in complying with the order. Because the circuit court refused to file Martin's notice of appeal, this court will treat the petition as a notice of appeal from the administrative order. See Fla.R.App.P. 9.040(c).
The trial court failed to give Martin notice and opportunity to be heard prior to issuing the administrative order. When such a restraint is issued, notice and hearing is usually required. In Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th *1300 DCA), rev. denied, 440 So.2d 353 (Fla. 1983), the Fifth District Court of Appeal issued a restraining order against a pro se litigant who had abused his pro se right of access to the court and interfered with the effective administration of justice but it did not issue the order until after the pro se litigant was given an opportunity to show cause why he should not be prohibited from appearing pro se as an appellant or petitioner.
In the case sub judice, Martin questions whether the chief judge's supervisory authority over administrative matters extends to issuing restraining orders against particular litigants. Martin, though, was not able to raise this argument below and make it part of the record. Because of this violation of procedural due process, we must reverse the administrative order under review.
Assuming arguendo that a chief judge does have inherent authority to prevent an abusive litigant from appearing without counsel, the chief judge in this case exceeded his authority when he interfered with Martin's appeal rights without notice or hearing. The Clerk of the Circuit Court has a ministerial duty to receive and file notices of appeal, and any contrary directive from the chief judge issued without due process is an invalid exercise of power. A restraining order cannot restrict or frustrate in any way an appeal taken from that order. In Platel v. Maguire, Voorhis, and Wells, supra, the Fifth District specifically stated that its restraining order would not prohibit a pro se appeal of that order.
We are mindful of the tremendous burden placed on the court system by litigants who continuously file frivolous, incomprehensible, or vindictive actions. However, when limiting the constitutional right of access to the courts, essential due process safeguards must first be provided and the restraining order must not exceed its proper scope.
REVERSED and REMANDED.
GOSHORN, G., PETERSON, E., and DIAMANTIS, G., Associate Judges, concur.