693 So.2d 570 (1996)
David HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01595.
District Court of Appeal of Florida, Second District.
December 13, 1996.
Rehearing Denied January 6, 1997.
*571 PER CURIAM.
David Huffman challenges the trial court's denial of his petition to set aside a conviction and sentence. The trial court denied the petition based on a finding that it was untimely, successive and an abuse of process. The trial court also prohibited Huffman from filing any further pro se attacks on his conviction or sentence. We affirm the trial court's ruling that the petition was untimely, successive and an abuse of process. Webber v. State, 662 So.2d 1287 (Fla. 5th DCA 1995). We also affirm the trial court's order restricting further attacks on the conviction or sentence.
The issues Huffman raised in his petition have been repeatedly presented to the trial court over a span of almost ten years. The trial court's order recites eighteen visits Huffman made back to the trial court or to this court in his unending attempts to attack the conviction and sentence. There is no question that Huffman has abused his constitutional right of access to the court and interfered with the effective administration of justice. And, there is no doubt that the volume of judicial labor which has been expended on Huffman's pro se efforts delayed the disposition of other cases with justiciable issues filed by well-meaning litigants. Therefore, we agree with the trial court's conclusion that the time has come to prohibit any further pro se attacks by Huffman on his 1986 conviction and sentence.
We have considered whether the trial court should have afforded Huffman notice and a right to be heard prior to issuing its order. See Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298, 1300 (Fla. 4th DCA 1993). While we can envision some circumstances in which prior notice and an opportunity to be heard would be required, we find no denial of due process in this case. On this point we deem it significant that the restriction imposed by the trial court applied only to further attacks on a specific conviction and sentence. It did not bar Huffman's access to the court on other matters. Nor did it restrict his right to file for a rehearing or this appeal. Consequently, the restriction imposed did not rise to the level that requires the due process safeguards discussed in Martin.
Affirmed.
PARKER, A.C.J., and ALTENBERND and FULMER, JJ., concur.