717 So.2d 95 (1998)
Randy Lavern SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-679.
District Court of Appeal of Florida, First District.
August 13, 1998.
Rehearing Denied September 17, 1998.
*96 Randy Lavern Spencer, Appellant, pro se.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Spencer appeals from an order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure Rule 3.800(a). We determine that the trial court properly denied the requested relief. See State v. Mancino, 705 So.2d 1379, 1381 (Fla.1998). We do, however, find that the trial court did not follow the proper procedures when it determined that it would not entertain any further pro se challenges to Spencer's 1992 conviction and sentence. Prior to the imposition of sanctions, the trial court must issue an order to show cause which initiates a separate proceeding independent of the 3.800 action.[1]
The trial court received Spencer's motion to correct an illegal sentence on December 24, 1997; it issued an order denying the motion on January 6, 1998. Within the order denying the motion, the court referenced six postconviction motions Spencer had previously filed challenging his 1992 sentence. The court further found the instant motion to have been successive, and it imposed the sanction concerning any further pro se challenges to Spencer's 1992 conviction and sentence. The trial court, however, neither issued an order to show cause why the sanction should not be imposed nor gave appellant any notice of the proposed sanction.[2] In his brief on appeal from the rule 3.800 decision, appellant challenges the imposition of sanctions.
Courts may, upon a demonstration of egregious abuse of the judicial process, restrict parties from filing pro se pleadings with the court. See, e.g., Attwood v. Singletary, 661 So.2d 1216 (Fla.1995); Attwood v. Eighth Circuit Court, 667 So.2d 356 (Fla. 1st DCA 1995). Such a sanction can be imposed at the trial level as well as the appellate level. See Bivens v. State, 715 So.2d 261 (Fla. 2d DCA 1998); Wareham v. State, 678 So.2d 432 (Fla. 5th DCA), rev. denied, 686 So.2d 583 (Fla.1996).
In Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 (Fla. 4th DCA 1993), where the chief judge of a circuit court issued an administrative order prohibiting a pro se litigant from filing further "lawsuits, petitions, and appeals," the fourth district held that the circuit court could not issue such an order without first giving the pro se litigant notice and an opportunity to be heard. See id. at 1299-1300. Nevertheless, in Huffman v. State, 693 So.2d 570, 571 (Fla. 2d DCA 1996), the Second District Court of Appeal, after acknowledging the procedural due process rights of a pro se litigant recognized in Martin, held that a trial court could prohibit a prisoner from filing further pro se attacks on a particular conviction or sentence without affording the prisoner notice or an opportunity to be heard prior to the imposition of the sanction. The court in Huffman reasoned that because the sanction imposed did not completely bar the prisoner's access to the courts on other matters, it "did not rise to the level that requires the due process safeguards discussed in Martin." Id. at 571.
We find ourselves in disagreement with the second district's opinion in Huffman, and we certify conflict with that decision. The sanction imposed in Spencer's case totally cuts off his right of further access to the *97 court system regarding his 1992 conviction and sentence. Fundamental fairness and the necessity for the creation of a complete record require that a party be given reasonable notice prior to the imposition at the trial level of this extreme sanction. Cf. Fla. R.App. P. 9.410 (1998)(requiring 10 days' notice prior to imposition of sanctions at the appellate level). As a Michigan appellate court has observed:
Sanctions such as filing limits ... may interfere with the right of access to the courts and with the ability to assert constitutionally protected liberty interests. Therefore, they may not be imposed upon pro se prisoner litigants without first affording them rudimentary due process. At a minimum, such due process must include notice [and] an opportunity to be heard....
People v. Herrera, 204 Mich.App. 333, 514 N.W.2d 543, 546 (1994)(internal citations omitted).
We, therefore, reverse that portion of the order which provides that Spencer not be allowed to file any further pro se challenges to his 1992 conviction and sentence. If the trial court on remand still feels that the sanction is appropriate, then it shall issue an order to show cause why the sanction should not be imposed, allowing appellant a reasonable time to respond. In all other respects, the order of the trial court is affirmed.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] An independent order assures that review of the 3.800 motion in the appellate court will proceed in a timely manner and assures preparation of an adequate record in the sanction action. The same rule would apply if the issue is raised in the context of a 3.850 proceeding.
[2] It is impossible for us to determine from the record whether the sanction imposed in this case was substantively justified based upon Spencer's conduct. It is unnecessary for us to reach that issue, however, because of the trial court's failure to give proper notice prior to imposing the sanction.