722 So.2d 250 (1998)
Ricky J. BOSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3085
District Court of Appeal of Florida, First District.
December 11, 1998.
Appellant Pro Se.
Robert Butterworth, Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant challenges the order by which the trial court summarily denied his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Although we conclude that the trial court properly denied the motion, we reverse the order to the extent that it imposes sanctions.
Florida Rule of Appellate Procedure 9.140(i) specifies a streamlined procedure for review of orders by which rule 3.800(a) and rule 3.850 motions are summarily denied. It provides that the record in such appeals shall consist only of conformed copies of the motion, order, motion for rehearing, order on rehearing, and attachments to the foregoing. And it also indicates that neither briefs nor oral argument shall be required in such appeals.
Where an order under review addresses only a rule 3.800(a) or rule 3.850 motion, rule 9.140(i) provides that the sole issue presented on appeal is whether the motions, orders, and attachments referenced in the rule show conclusively that the appellant is entitled to no relief. The procedure specified in rule 9.140(i) provides the appellate court with everything required for a proper determination of this issue.
But where an order under review also imposes sanctions, as does the order in the present case, the rule 9.140(i) procedure is usually inadequate. If sanctions are to be challenged, an enlarged record will usually be required, and briefs will be necessary for presentation of the relevant issues for determination by the appellate court. The proper procedure to be followed in appeals from post-judgment orders by which sanctions are imposed is therefore the procedure normally applicable in criminal appeals.
*251 Although the procedural problem created by orders such as the order under review in the present case might be resolved by a determination that rule 9.140(i) is inapplicable in appeals from such orders, we believe the better approach is to require that sanctions be imposed by a separately appealable order. We therefore hold that sanctions must be imposed in a separate order from the order by which a rule 3.800(a) or rule 3.850 motion is summarily denied.
Accordingly, the order under review is reversed to the extent that it imposes sanctions, but the trial court may reconsider imposition of sanctions upon remand. In doing so, the trial court may wish to consider our recent decision in Spencer v. State, 717 So.2d 95 (Fla.App.1st DCA 1998). The order is otherwise affirmed.
BARFIELD, C.J., and WEBSTER, J., CONCUR.