751 So.2d 47 (1999)
STATE of Florida, Petitioner,
v.
Randy Lavern SPENCER, Respondent.
No. 93,795.
Supreme Court of Florida.
September 23, 1999.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, Florida, for petitioner.
Randy Lavern Spencer, Jasper, Florida, Respondent, pro se.
PARIENTE, J.
We have for review the opinion in Spencer v. State, 717 So.2d 95 (Fla. 1st DCA 1998), which certified conflict with the opinion in Huffman v. State, 693 So.2d 570 (Fla. 2d DCA 1996). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The relevant facts are set forth in the opinion below:
Spencer appeals from an order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure Rule 3.800(a). We determine that the trial court properly denied relief. See State v. Mancino, 705 So.2d 1379, 1381 (Fla.1998). We do, however, find that the trial court did not follow the proper procedures when it determined that it would not entertain any further pro se challenges to Spencer's 1992 conviction and sentence. Prior to the imposition of sanctions, the trial court must issue an order to show cause which initiates a separate proceeding independent of the 3.800 action.
. . . .
Courts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court....[1]
In Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 *48 (Fla. 4th DCA 1993), ... the fourth district held that the circuit court could not issue such an order without first giving the pro se litigant notice and an opportunity to be heard. See id. at 1299-1300. Nevertheless, in Huffman v. State, the Second District Court of Appeal, after acknowledging the procedural due process rights of a pro se litigant recognized in Martin, held that a trial court could prohibit a prisoner from filing further pro se attacks on a particular conviction or sentence without affording the prisoner notice or an opportunity to be heard prior to the imposition of the sanction. The court in Huffman reasoned that because the sanction imposed did not completely bar the prisoner's access to the courts on other matters, it "did not rise to the level that requires the due process safeguards discussed in Martin."
We find ourselves in disagreement with the second district's opinion in Huffman, and we certify conflict with that decision.
Spencer, 717 So.2d at 96 (citations omitted) (footnotes omitted).
In certifying conflict with Huffman, the First District reasoned that "[f]undamental fairness and the necessity of the creation of a complete record require that a party be given reasonable notice prior to the imposition at the trial level of this extreme sanction." Id. at 97. Therefore, the First District reversed the trial court's sanction and remanded the case with instructions that the trial court first issue an order to show cause why the sanction should not be imposed and allow Spencer a reasonable time to respond. See id.
The precise issue before us is whether a trial court must first provide a litigant notice and a reasonable opportunity to respond before prohibiting further pro se attacks on his or her conviction and sentence as a sanction for prior repeated and frivolous motions.[2] This Court has never explicitly addressed this issue. However, as a matter of practice, this Court has first issued orders to show cause before denying a litigant access in this Court to challenge his or her conviction, sentence, or disciplinary actions during confinement. See, e.g., Rivera v. State, 728 So.2d 1165, 1165 (Fla.1998), petition for cert. filed, No. 98-8366 (U.S. Mar. 3, 1999); Attwood v. Singletary, 661 So.2d 1216, 1216 (Fla. 1995).
We have recognized the importance of the constitutional guarantee of citizen access to the courts, with or without an attorney. See, e.g., Rivera, 728 So.2d at 1166; Attwood, 661 So.2d at 1217; see also art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury...."). Thus, denying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant who has been prevented from further attacking his or her conviction, sentence, or conditions of confinement, as in Spencer and Huffman.
However, any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims. See Rivera, 728 So.2d at 1166; Attwood, 661 So.2d at 1216-17; Martin, 627 So.2d at 1300. To achieve the best balance of a litigant's right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings, it is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.
Further, providing notice and an opportunity to respond through the issuance of an order to show cause also serves to *49 generate a more complete record.[3] If the litigant is thereafter denied further pro se access to the courts, the appellate courts will have an enhanced ability to determine whether the denial of access is an appropriate sanction under the circumstances.
Based on the foregoing, we approve Spencer to the extent it is not inconsistent with this opinion. We intend these procedures to apply prospectively. Thus, we do not disapprove Huffman.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] According to the trial court's order dismissing Spencer's final pro se motion to correct his sentence, filed on December 24, 1997, Spencer had previously filed the following motions attacking his judgment and sentence for first-degree murder: (1) motion to correct illegal sentence (3/7/95); (2) amended motion to correct illegal sentence (4/24/95); (3) motion for correction of sentence for jail time credit (5/12/97); (4) motion to amend motion to correct illegal sentence (5/21/97); (5) motion for rehearing (5/28/97); and (6) defendant's successive motion to correct illegal sentence with supporting affidavit (6/26/97). Thus, according to the trial court's order, in all, Spencer filed seven motions attacking the validity of his conviction and sentence. The record does not contain these prior pleadings, so the trial court's findings as to Spencer's litigious history are neither refuted nor substantiated.
[2] The district court below did not reach the issue of whether the imposition of the sanction was error, see Spencer v. State, 717 So.2d 95, 96 n. 2 (Fla. 1st DCA 1998), and this issue is not considered here.
[3] We do not express an opinion as to whether it is always necessary, as a matter of procedure, for the order to show cause issued by a trial court to be initiated by a separate proceeding, as stated in the First District's opinion. See Spencer, 717 So.2d at 96.