PER CURIAM.
 

 The defendant appeals an order denying his rule 3.850 motion for post-conviction relief and an order preventing him from any future filings. He argues that the trial court erred in finding his motion successive and untimely. We agree and reverse.
 

 There is no doubt the defendant’s multiple filings have confused the issue. The following is a chronology of the defendant’s case.
 

 Aug. 2000 Defendant convicted of Second Degree Murder
 

 Nov. 2001 Conviction affirmed
 

 May 20, 2002 Defendant files first rule 3.850 motion raising 17 issues
 

 Sept. 28, 2003 Defendant files an un-sworn, 74-page amended motion, rephrasing the same 17 issues
 

 Mar. 8, 2005 Order denying rule 3.850 motion and amended motion
 

 May, 2005 Defendant appeals summary denial of first and amended motions
 

 May 12, 2006 Defendant files a second rule 3.850 motion
 

 Nov. 29, 2006 This court affirms the denial of first and amended rule 3.850 motion without prejudice to filing an amended motion that includes an oath
 

 Dec. 14, 2006 Defendant files the second amended motion with an oath, reasserting the arguments in first and amended motion and adding issues, 39 in total
 

 Jan. 30, 2007 State files response to second motion
 

 Feb. 5, 2007 Order denying second motion
 

 Apr. 2, 2007 This court affirms the denial of the second motion
 

 June 25, 2007 Order issued clarifying that Apr. 2, 2007 affirmance is limited to second motion
 

 Jan. 2008 State files response to Dec. 14, 2006, second amended motion
 

 
 *1075
 
 Feb. 2008 Order denying second amended motion of Dec. 14, 2006 and disallowing future filings
 

 It is easy to understand how the trial court, relying upon the State, mistook the December 14, 2006 second amended motion as successive and untimely. The fact remains however, that the motion was neither.
 

 As we clarified in our order of June 25, 2007, our April 2, 2007, affirmance was of the defendant’s second motion for post-conviction relief filed on May 12, 2006. Significantly, however, this court had previously affirmed the summary denial of the defendant’s first and amended motion WITHOUT PREJUDICE to allow the defendant to correct the technical deficiency of a missing oath. In doing so, we did not address the merits of the defendant’s original motion and amended motion.
 

 In its response to the December 14, 2006 motion, the State argued the motion was successive because the defendant had filed three prior motions all asking for the same relief and all denied on the merits and affirmed. Alternatively, the State maintained the December 14, 2006, motion was time-barred because the mandate from the appeal of the original judgment and sentence issued on November 27, 2001. Finally, the State asked the court to prohibit the defendant from future filings.
 
 [1]
 

 The trial court entered an order denying the December 14, 2006, second amended motion for the reasons stated in the State’s response. The trial court further ordered the defendant to show cause why he should not be barred from further pro se motions, pursuant to
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999). It is from these orders that the defendant appeals.
 

 To make a long procedural story relatively short, the State’s response and the trial court failed to recognize that this court never ruled on the merits of the first and amended motions when it affirmed the summary denial without prejudice. We specifically authorized the defendant to file yet another amended motion that was technically sufficient.
 
 Smith v. State,
 
 943 So.2d 294 (Fla. 4th DCA 2006) (affirming summary denial of the motions, “but without prejudice to appellant filing an amended motion that includes” the required oath).
 

 The defendant filed the second amended motion with an oath on December 14, 2006. Thirty-seven of the thirty-nine arguments raised in the December 14, 2006 motion had been included in the amended first motion; they were not successive. Grounds one and thirty-nine, however, were successive,
 
 [2]
 
 and we affirm the trial court’s denial of the motion on those grounds. We reverse the order as to the thirty-seven grounds (grounds two through thirty-eight) of the defendant’s December 14, 2006 motion, and remand the case for further consideration. We also reverse the order sanctioning the defendant for filing successive post-conviction motions.
 

 Reversed and Remanded.
 

 TAYLOR, HAZOURI, and MAY, JJ„ concur.
 

 [1]
 

 . In his reply, the defendant focused on his second amended motion, filed within 30 days of this court’s opinion allowing him to file a technically sufficient motion.
 

 [2]
 

 . In Ground One, the defendant raised a new claim that could have been asserted in his prior motions. In Ground Thirty-Nine, the defendant raised the same claim he asserted in his May 12, 2006, motion, the denial of which was affirmed by this court.