PER CURIAM.
 

 John Angus Wright seeks review of the orders that summarily denied his rule 3.800(a) motion for postconviction relief and an order denying his motion for rehearing. We affirm the trial court’s denial of his claims.
 

 In one of Wright’s claims, he alleges that the trial court’s sentencing was affected by an incorrectly tallied sentencing scoresheet. This claim has been repeatedly raised and re-visited through multiple postconviction motions and each time has been denied. To the extent that Wright seeks relief on this issue, as the trial court admonished, his claim is successive and abusive.
 

 While res judicata does not apply to a rule 3.800 motion, collateral estoppel does.
 
 See State v. McBride,
 
 848 So.2d 287, 290 (Fla.2003). It applies when the same issue has already been litigated and precludes a defendant from rearguing a successive issue that was argued in a prior motion.
 
 Id.
 
 at 290-91. The law of the case doctrine also applies to postconviction motions.
 
 See id.
 
 at 291. If a motion is successive
 
 and
 
 there is no manifest injustice, then it
 
 cannot
 
 be brought again.
 
 Id.
 
 at 291-92.
 

 We echo the trial court’s warning to Wright that his repeated filing of successive claims will result in proceedings to determine appropriate sanctions.
 
 See State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 Affirmed.
 

 GROSS, C.J., FARMER and TAYLOR, JJ., concur.