PER CURIAM.
Petitioner seeks habeas corpus review of his judgments and sentences in Columbia County Circuit Court case number 02-39-CF. The petition is dismissed. See Baker v. State, 878 So.2d 1236 (Fla.2004) (reiterating that habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postcon-viction motions).
Additionally, because of petitioner’s apparent abuse of the legal process by his repeated pro se filings attacking his convictions and sentences, this court issued an order directing petitioner to show cause why he should not be prohibited from future pro se filings. State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (requiring that courts “first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his conviction and sentence.”). Petition *882 er’s response to the order does not provide a legal basis to prohibit the imposition of sanctions.
As such, because it is apparent that petitioner’s continued and repeated attacks on his convictions and sentences have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Columbia County Circuit Court case number 02-39-CF. The Clerk of this Court is directed not to accept any future pro se filings concerning this case unless they are filed by a member in good standing of The Florida Bar. Petitioner is warned that any filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes. Fla. R.App. P. 9.410.
LEWIS, ROWE, and MARSTILLER, JJ., concur.