PER CURIAM.
Appellant has repeated a claim of score-sheet error which was previously denied and affirmed on appeal. Appellant’s claim that the scoring of victim injury points on his scoresheet violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is without merit. Appellant waived the right to a jury finding regarding penetration by entering the negotiated plea to reduced charges and this specific sentence. Further, no manifest injustice results, and the alleged Apprendi violation is harmless. See Galindez v. State, 955 So.2d 517 (Fla.2007). Although the statutory maximum for each of the second-degree felonies was increased by a few months based on the scoresheet total, the same composite sentence could have been imposed by structuring one of the sentences consecutively. We affirm.
Appellant is cautioned that the filing of repetitive or frivolous postconviction challenges and/or appeals may result in sanctions or referral to prison officials for disciplinary proceedings. See State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279(1), Fla. Stat. (2009); § 944.28(2)(a), Fla. Stat. (2009).
GROSS, C.J., MAY and CIKLIN, JJ., concur.