PER CURIAM.
 

 Petitioner Gordon Hales sought mandamus relief in this court to compel the circuit court clerk to explain why a copy of the indictment in his case was stamped as filed on May 1, 2000, following his conviction after jury trial. The clerk of the circuit court does not have a ministerial duty to answer to the petitioner’s demands for an explanation. Mandamus does not lie, and we dismiss the petition.
 

 Because petitioner is a vexatious prisoner litigant who has been repeatedly cautioned against frivolous filing,
 
 [1]
 
 we issued an order to show cause why this court should not impose the sanction of no longer accepting petitioner’s
 
 pro se
 
 filings.
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999). Having considered petitioner’s response, we determine that he has shown no justification for continuing to litigate this merit-less claim which he has raised in various forms in numerous filings. We therefore impose the sanction of no longer accepting petitioner’s
 
 pro se
 
 filings.
 

 Petitioner is serving a life sentence for his 2000 conviction after jury trial for sexual battery. Petitioner was indicted by a grand jury in 1995 and later extradited from the Dominican Republic. After his sentencing, it appears that a duplicate of the indictment was filed with the clerk of court. He has repeatedly moved for discharge on speedy trial grounds arguing that the charge is still outstanding, that the court never acquired jurisdiction, and that he must be forever released. He has repeatedly been advised that he was convicted under the 1995 indictment and that no other indictment is pending. Petitioner has raised this same claim, or variations thereof, in a Rule 3.850 motion, a habeas corpus petition, and in an appeal from an order dismissing as moot his motion for speedy trial discharge. In total, petitioner has filed and appealed the denial of four Rule 3.850 motions.
 

 In this mandamus petition, petitioner seeks to compel the Broward circuit court clerk to explain why the indictment is stamped as having been filed on May 1, 2000. Petitioner maintains that the jurisdiction of the circuit court was not proper
 
 *656
 
 ly invoked because the indictment was not filed. He relies on Florida Rule of Criminal Procedure 3.140(c)(3) which provides that “[e]very indictment or information on which the defendant is to be tried shall bear the date (day, month, year) that it is filed in each court in which it is so filed.”
 

 Petitioner admits that he has received copies of the indictment under which he was tried but complains that the copies do not contain the clerk’s date stamp which he believes is necessary to prove the date the indictment was filed. He maintains that the court lacked jurisdiction unless the indictment was filed.
 

 Petitioner clearly was tried pursuant to the 1995 indictment which was filed before trial. He attached portions of the trial transcript where the judge read the indictment to the jury. Even assuming that there is no indictment with a clerk’s date stamp indicating it was filed before trial, petitioner was not prejudiced in his defense.
 

 Florida Rule of Criminal Procedure 3.140(o) provides:
 

 (o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or
 
 for any cause whatsoever,
 
 unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
 

 Id.
 
 (emphasis supplied).
 

 Petitioner’s continued attempts to litigate whether the indictment was actually filed in 1995 are frivolous. We repeatedly have advised him that his claim is meritless but he persists in pursuing the claim. Because petitioner has been repeatedly warned, but refuses to cease his abuse of judicial process, we impose the sanction of no longer accepting
 
 pro se
 
 filings. We direct the clerk of this court to no longer accept filings from petitioner unless they are signed by a member in good standing of The Florida Bar.
 

 Petition dismissed. Sanction imposed.
 

 POLEN, HAZOURI and GERBER, JJ., concur.
 

 [1]
 

 . This court has twice cautioned appellant, in case numbers 4D10-314 and 4D10-628, against frivolous filing.