PER CURIAM.
Mervyn Arnold appeals from the trial court’s dismissal of his petition for writ of habeas corpus. Arnold’s petition is identical to a petition he previously filed, which was denied by the lower court and affirmed on appeal in case number 5D11-2366. He also presents the same argument made in two prior postconviction motions. Arnold seeks relief from his “unlawful detention” because the sentencing court agreed that if Arnold was extradited to Texas on parole violations, then he could serve his forty-year Florida sentence in Texas concurrently with any later-imposed *224 Texas sentence.[1] According to Arnold, once he finished serving the forty-year Texas sentence, which he accomplished in just over twelve years, he should have been released rather than returned to Florida to serve the remainder of his forty-year Florida sentence. It seems that what Arnold takes issue with is that Florida, unlike Texas, does not utilize a parole system. That fact, however, does not render Arnold’s stay in the Department of Corrections an unlawful detention.
Arnold confuses concurrent sentencing with coterminous sentences. He received precisely what he bargained for. He was able to dispose of his Texas sentence up front rather than waiting until he had completed his Florida sentence. He was allowed to serve the Florida sentence concurrently with the Texas sentence, and has been given credit for the time served in Texas. Accordingly, the dismissal of the petition for writ of habeas corpus is affirmed.
Because we have now addressed the same arguments on multiple occasions, contemporaneously with this opinion we issue a Spencer[2], order to show cause as to why Arnold should not be barred from further pro se filings.
AFFIRMED.
LAWSON, EVANDER and COHEN, JJ., concur.

. There were a total of seven cases from Florida with sentences ranging from ten to twenty years with a mix of concurrent and consecutive sentences. Arnold was sentenced to twenty-five years' probation following his imprisonment term.

. State v. Spencer, 751 So.2d 47 (Fla.1999).