PER CURIAM.
Appellant pled guilty to the lesser offense of second-degree murder in exchange for a prison sentence of thirty-five years. He filed a petition for writ of habe-as corpus in the lower court, challenging his 1998 conviction and sentence in lower court case 98-547-CF. In addition to dismissing his habeas petition, the lower court ordered Appellant to show cause why he should not be prohibited from filing further frivolous pro se motions. Appellant appealed the lower court’s order to this Court, arguing that the lower court was simply trying to silence him from petitioning for his freedom by threatening Department of Corrections disciplinary action.
We affirmed the lower court’s dismissal of Appellant’s claims, and noted that Appellant has filed numerous appeals or petitions in this Court, all related to his 1998 criminal case. See 1D00-4878, 1D03-459, 1D07-735, 1D08-2280, 1D09-5491, 1D11-1305, 1D13-269, 1D13-2753, and 1D13-1607. Case 1D13-2753 is currently pend *1103 ing. In all the other cases, Appellant failed to obtain any relief, with the eases being either affirmed or dismissed.
Accordingly, on October 4, 2013, this Court directed Appellant to’ show cause why sanctions should not be imposed pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). Appellant responded, alleging this Court is either “failing to writ[e] and read” his allegations “and/or is ‘rubber stamping’ his motion and petition as the lower court has been doing these pass[sic] 15 years so no mistakes can be admitted by the justice system.”
Based on this response, this Court concludes that Appellant has failed to set forth a legal basis that would preclude the imposition of sanctions and has failed to establish that the imposition of sanctions is not warranted.
Accordingly, we prohibit Marco Antho-nio Williams from filing any further pro se papers in this Court concerning his conviction and sentence in Duval County Circuit Court case number 98-547-CF. The Clerk of this Court is directed to no longer accept any future filings concerning this case unless they are filed by a member in good standing of The Florida Bar. Appellant is warned that any filings which violate the terms of this opinion may result in referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes.
SANCTIONS IMPOSED.
WOLF, ROBERTS, and MAKAR, JJ„ concur.