ROWE, J.,
dissenting.
Because the process outlined in State v. Spencer, 751 So.2d 47 (Fla.1999), was not required before the trial court could impose a limitation on the Boltons’ right to appear before the court, I respectfully dissent.
In 2005, the Boltons received a loan from Vision Bank[1] (“the bank”) and secured the loan with a mortgage on a lot on Perdido Key in Escambia County. In 2008, the bank filed suit against the Bol-tons after they defaulted on the loan. The Boltons filed a pro se answer to the complaint, which included affirmative defenses and counter-claims. There were many disputes during the discovery process; ultimately, the trial court sanctioned the Bol-tons for failing to abide by the court’s orders by striking their pleadings and entering a default judgment in favor of the bank on its claim for damages. The trial court also entered a final judgment of foreclosure.
Following the entry of the final judgments, the Boltons continued to assert defenses and seek discovery regarding the merits of the case. This activity continued for over two years. The trial court denied each of the post-judgment motions filed by the Boltons. Based on successfully defending against the Bolton’s meritless post-judgment motions, the bank sought a judgment for supplemental attorney’s fees and was awarded $20,793 in attorney’s fees pursuant to section 57.115, Florida Statutes.
When the bank resumed seeking discovery in aid of execution of the final judgment of foreclosure, the Boltons’ motion practice and discovery requests relating to merit issues increased. After a hearing, the court disposed of the pending discovery issues and ordered the Boltons to submit to a deposition. In response, the Bol-tons filed a barrage of discovery requests and motions.
*749 On January 11, 2013, the trial court entered an “Order on Pro Se Motions,” in which it denied eight post-judgment motions after finding that the Boltons’ motions were “vexatious” and demonstrated “reprehensible gamesmanship.” The trial court observed that it and court personnel had spent over three hours dealing with the Boltons’ motions, which deprived other deserving litigants of a speedy resolution of their disputes. Relying on its inherent power to sanction vexatious conduct, the court ordered the Boltons “to not file any motion, pleading, notice, request, nor other filing of any kind in this matter except through counsel properly admitted to appear before this Court in this case.” The Boltons challenge the order, arguing that the trial court violated their due process rights in barring them from further pro se appearances in the case.
Relying on Spencer and following the decision of the Second District in Delgado v. Hearn, 805 So.2d 1017 (Fla. 2d DCA 2001), the majority concludes that in order to accord due process to the Boltons, it was necessary for the trial court to issue a show cause order before barring the Bol-tons from further pro se appearances. In so holding, this Court, for the first time, expands the requirements of Spencer to a case involving a civil litigant.
I would decline to require the Spencer process in this case for three reasons. First, the supreme court in Spencer did not require application of its holding beyond the context of a challenge to a criminal judgment and sentence. The decision in Spencer arose from an order barring an inmate from further pro se filings concerning his conviction and sentence. 751 So.2d at 47. The court expressly stated that the only issue before it was “whether a trial court must first provide a litigant notice and a reasonable opportunity to respond before prohibiting pro se attacks on his or her conviction and sentence as a sanction for prior repeated and frivolous motions.” Id. at 48 (emphasis added). Moreover, in holding that a show cause order should issue before barring an inmate from appearing pro se, the court held: “To achieve the best balance of a litigant’s right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings, it is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.” Id. (emphasis added). This limiting language in the opinion suggests that the Spencer process may not be required outside the context of a challenge to a criminal judgment and sentence.
Second, the due process concerns present in the Spencer case are not implicated here. In pronouncing its holding in Spencer, the supreme court adopted the reasoning of this Court in Spencer v. State, 717 So.2d 95 (Fla. 1st DCA 1998). There, we recognized that before an inmate could be barred from appearing pro se to challenge his criminal judgment and sentence, due process required notice and an opportunity to be heard. This Court recognized that in a criminal action, two important constitutional interests are at stake: liberty and access to the courts. Id. at 97. Those same interests are not present here.
The constitutionally protected liberty interest is clearly not implicated in the trial court’s order limiting the Boltons’ post-judgment appearances in this foreclosure action. Nor does the trial court’s order interfere with the right of access to the courts. In considering the right of access to the courts, it is not only the rights of the Boltons that must be considered. Rather, courts have “a responsibility to ensure every citizen’s right of access to the courts.” Peterson v. State, 817 So.2d 838, *750 840 (Fla.2002). Far from interfering with the right of access to the courts, the trial court’s order here, limiting the Boltons’ right to appear, furthers the right of access to the courts. This is because the limitation on the Boltons’ right to appear permits the trial court to “devote its finite resources to the consideration of legitimate claims filed by others.” Id. In its order, the trial court carefully recounted the burden imposed on the court system by the Boltons’ meritless filings:
The Court, and Court Personnel, have spent over three hours dealing with these spurious motions and arguments. The Court has, literally, hundreds of civil, criminal, and probate cases with legitimate issues requiring judicial attention. For the Court to spend this much time on entirely meritless pleadings robs other deserving litigants of a speedy resolution of their dispute. Time wasted on the frivolous, meritless filings of the Boltons is time taken away from litigants and wards and estates and defendants and the State with legitimate claims. Baldwin v. State, 104 So.3d 390 (Fla. 1st DCA 2013). The Court has the inherent power to sanction such vexatious conduct, as well as to Order the pro se litigants to appear only through counsel. Slizyk v. Smilack, 734 So.2d 1166 (Fla. 5th DCA, 1999).
Because the trial court’s order implicates no liberty interest nor the right of access to the courts, the trial court was not required to follow the process in Spencer before barring the Boltons from further pro se appearances.
Finally, imposing the requirements of Spencer in this case unreasonably interferes with the inherent authority of the trial court to sanction a litigant who disrupts proceedings before the court. Jackson v. Fla. Dep’t of Corrections, 790 So.2d 398, 400-01 (Fla.2001). The order barring the Boltons from further pro se appearances followed entry of a final judgment on damages, entry of a judgment of foreclosure, and two years of numerous, meritless post-judgment motions filed by the Bol-tons. Before imposing the limitation on the Boltons’ right to appear before the court, the trial court imposed lesser sanctions, including striking pleadings filed by the Boltons and awarding attorneys’ fees to the bank for defending against the mer-itless post-judgment motions filed by the Boltons. After exhausting other alternatives to address the Boltons’ conduct, the trial court, exercising its inherent authority, entered a narrowly-tailored order barring the Boltons from further pro se filings with regard only to the case at issue.
Because the process outlined in Spencer was not required in this case, and because the trial court properly exercised its inherent authority to regulate vexatious conduct, I would affirm the order of the trial court barring the Boltons from future pro se filings in this matter.

. SE Property Holdings, LLC is the successor to Vision Bank.