ORDER IMPOSING SANCTIONS
PER CURIAM.
In 2000, Appellant was convicted of three counts of sexual battery and three counts of misdemeanor battery arising out of the sexual relationship he had with a 13-year old student while he was a P.E. teacher and track coach at the victim’s school. Appellant was sentenced to 25 years in prison followed by 5 years of sex offender probation and he was also designated a sexual predator. This court affirmed Appellant’s judgment and sentence in 2002.
Prior to this appeal, Appellant had filed seven appeals or petitions in this court challenging the denial of postconviction motions or other pleadings collaterally attacking his judgment and sentence. See 1st DCA Case Nos. 02-5205, 04-4979, 05-2124, 08-3771, 09-6371, 10-6708, and 11-5511. None of these cases resulted in any relief for Appellant. In this appeal, Appellant sought review of the order denying a petition for writ of habeas corpus in which Appellant claimed that the trial court erred in denying his 2010 postconviction motion that was affirmed on appeal in case number 1D11-5511. This appeal, like the underlying petition, was frivolous and constitutes an abuse of process.
We per curiam affirmed this appeal and, based on Appellant’s numerous and frivolous attacks on his now 15-year old judgment and sentence, we ordered Appellant to show cause why he should not be sanctioned, including a prohibition on further pro se filings in this court and a referral to the Department of Corrections for disciplinary action. See State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279, Fla. Stat.; Fla. R. App. P. 9.410(a). Appellant filed a response to the order to show cause in which he described the procedural history leading up to the petition at issue in this appeal and reargued what he perceived to be the merits of the petition.
*1281 The response filed by Appellant is insufficient to justify his continued frivolous attacks on his judgment and sentence, and we conclude that sanctions against Appellant are warranted based on his abuse of the appellate process. Accordingly, we hereby prohibit Appellant (Walter R. Harris, DOC # N07503) from filing any pro se appeals or petitions in this court related to his criminal case, Leon County Case No. 1999-CF-2404, and we direct the Clerk not to accept any filings from Appellant related to that case unless they are signed by a member in good standing of the Florida Bar. Additionally, the Clerk is directed to send a certified copy of this order to the Department of Corrections pursuant to section 944.279, Florida Statutes, for the potential imposition of additional administrative sanctions.
No motion for rehearing of this order will be entertained by the court.
It is so ordered.
ROBERTS, C.J., WETHERELL, and OSTERHAUS, JJ., concur.