# Third District Court of Appeal

## State of Florida

Opinion filed October 28, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1413
Lower Tribunal No. 05-8744
_____

**Recardo Clayton,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Recardo Clayton, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SHEPHERD, ROTHENBERG and SCALES, JJ.

PER CURIAM.

On August 5, 2015, this Court issued an Opinion dismissing Recardo Clayton's petition for writ of habeas corpus. Our Opinion contained an order to

show cause why Clayton should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 05-8744.

Clayton filed a response to the show cause order on September 15, 2015. Clayton's response, which sets forth three claims, provides no new information or argument for our consideration.

We must balance Clayton's pro se right to access to courts with the Court's need to devote its finite resources to legitimate appeals. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) ("[D]enying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant. . ."). Accordingly, after an order to show cause and an opportunity to answer, a court may prevent further filings. Id.

We conclude that Clayton has not demonstrated good cause to justify further filings of appeals, petitions, motions and other pleadings with this Court. It is hereby ordered that the Clerk of the Third District Court of Appeal shall refuse to accept further pro se filings related to case number 05-8744; provided, however, that filings related to case number 05-8744 may be accepted by the Clerk if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any such further and unauthorized pro se filings by Clayton will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for its disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.