[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15631
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80412-KAM

THOMAS PERRY WELLS,

Plaintiff-Appellant,

versus

JUDGE KAREN MILLER, 15th Judicial Circuit Court Palm Beach County,
JUDGE NELSON BAILEY, 15th Judicial Circuit Court Palm Beach County,
sued in their official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Perry Wells, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. In his complaint, Wells alleged that Florida Circuit Court Judge Nelson Bailey entered an order prohibiting him from filing any further "pro se pleadings, motions, or petitions" in a criminal case, and Wells requested declaratory relief on the ground that this order unconstitutionally denied him access to the courts. The district court dismissed Wells's complaint because he failed to establish the absence of an adequate remedy at law—namely, the right to appeal Judge Bailey's order, which was not prohibited by the order. Wells now argues that the order seemed to bar his right to appeal by prohibiting further "pleadings," because a notice of appeal could be construed as a "pleading." After careful consideration, we affirm.

Under the Prison Litigation Reform Act, a district court shall dismiss any in forma pauperis action if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo a district court's dismissal under this provision for failure to state a claim, and we use the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals. Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003) (per curiam). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. Bell Atl.

2

Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  This

requirement also applies to pro se complaints.  See Saunders v. Duke, 766 F.3d

1262, 1266 (11th Cir. 2014).

State judges are not immune from declaratory relief in a § 1983 action.  See

Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (per curiam).  To warrant

such relief, a plaintiff must show: (1) that there was a violation; (2) that there is a

serious risk of continuing irreparable injury if relief is not granted; and (3) the

absence of an adequate remedy at law.  Id. at 1242.  Appealing a judge's ruling or

seeking the extraordinary writ of mandamus both constitute adequate remedies at

law.  See id. at 1243.

Judge Bailey prohibited Wells from filing any further "pro se pleadings,

motions, or petitions" in a state criminal case.  Florida courts may issue such

orders when defendants repeatedly make frivolous filings and abuse the judicial

process.  See State v. Spencer, 751 So. 2d 47, 47 (Fla. 1999).  But defendants

retain the right to appeal these orders.  See generally id. (hearing and deciding the

appeal of such an order).  Defendants also retain the right to seek writs of

mandamus that require judges to perform nondiscretionary duties.  Fla. R. App. P.

9.100(e).

On this record, Wells did not show the absence of an adequate remedy at

law.  Indeed, Wells admits that he "had a legal right to seek appellate review under

3

state law." But he argues that because the word "pleading" could be construed to include a notice of appeal, Judge Bailey's order "instilled a well-founded fear that such remedy was unavailable to him sans serious disciplinary action." Wells's misunderstanding of the effect of Judge Bailey's order does not warrant declaratory relief—the test is whether there objectively <u>was</u> an adequate remedy, not whether the plaintiff subjectively <u>believed</u> there was an adequate remedy.[1] Because the district court did not err in dismissing Wells's complaint, we affirm.

**AFFIRMED.**

---

[1] Wells separately asserts that he stated a valid claim with respect to the order's effect on his ability to seek rehearing from Judge Bailey. This is not an independent ground for declaratory relief. To the extent a petition for rehearing would have simply challenged Judge Bailey's order, Wells already had adequate means to do so.