IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS ARNOLD,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

v.

CASE NO. 1D16-3009

STATE OF FLORIDA,

Respondent.

_____/

Opinion filed August 25, 2016.

Petition for Writ of Habeas Corpus -- Original Jurisdiction.

Thomas Arnold, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, for Respondent.

PER CURIAM.

The petition for writ of habeas corpus is dismissed. See Baker v. State, 878 So. 2d 1236 (Fla. 2004).

Because this petition for writ of habeas corpus was the seventh unsuccessful proceeding filed in this court to challenge his 1993 judgement and sentence for three counts of strong-armed robbery and three counts of false imprisonment, petitioner was directed to show cause why sanctions should not be imposed against him, including a prohibition against any future appeals or petitions challenging the judgment and sentence, unless petitioner is represented by an attorney in good standing with The Florida Bar. See State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). Petitioner's response fails to present a legal reason why sanctions should not be imposed.

Because it is apparent that petitioner's continued and repeated attacks on his conviction and sentence have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Leon County Circuit Court case number 1990-CF-002999. The clerk of this court is directed not to accept any future filings concerning that case unless they are signed by a member in good standing of The Florida Bar.

Petitioner is warned that any filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes (2015) (providing that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal is subject to

2

disciplinary procedures pursuant to the rules of the Department of Corrections).  See

Fla. R. App. P. 9.410.

BILBREY, KELSEY, and M.K. THOMAS, JJ., CONCUR.