# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1344
Lower Tribunal No. 97-29656
_____

**Herby Luma a/k/a Ronet Bastien,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Herby Luma a/k/a Ronet Bastien, in proper person.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Herby Luma, a/k/a Ronet Bastien, appeals the trial court's rejection of his motion to correct illegal sentence mailed to the clerk of the Eleventh Judicial

Circuit on May 25, 2017. We treat this appeal as a petition for a writ of mandamus. The record in this case, at page 70, reflects a memorandum written by a deputy clerk of the Eleventh Judicial Circuit explaining as follows:

> The Record on Appeal will be prepared without the Motion to Correct Sentence mailed to this office on May 25, 2017. A diligent search of the court file was conducted and it could not be located because it was returned to the defendant pursuant to the Order Prohibiting dated September 13, 2016.

Although an order to show cause why the appellant should not be precluded from further pro se filings was entered by the trial court, no order actually precluding pro se filings was ever entered. The September 13, 2016 order simply refers to a non-existent order that purportedly prohibited further pro se filings. Thus, it appears that the clerk of the Eleventh Judicial Circuit erroneously rejected the appellant's motion.

On remand, the trial court shall consider and rule upon the appellant's motion, should he wish to re-transmit it to the trial court. We express no view as to the merits of the motion. The trial court is not precluded from again entering an order to show cause, if appropriate, and acting upon it based on the appellant's response, or lack thereof, by either entering an order prohibiting appellant from filing any additional pleadings in the trial court unless signed by a member of the

2

Florida Bar in good standing, or by discharging the show cause order. See State v.

Spencer, 751 So. 2d 47 (Fla. 1999).

Petition granted.