# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4390
_____

RONALD WILLARD,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Mandamus – Original Jurisdiction.

April 20, 2018

**ON MOTION FOR REHEARING**

PER CURIAM.

We summarily deny Petitioner's motion for rehearing and write only to warn Petitioner about the potential for sanctions if he continues to file frivolous petitions and appeals in this court.

By way of background, in October 2009, Petitioner entered an open plea to multiple offenses arising out of a crime spree that culminated in a "firefight" during which Petitioner discharged numerous rounds at police officers from a .223-caliber M-4 assault rifle. Petitioner was adjudicated guilty of the offenses and he was sentenced to concurrent prison terms, the longest of which was 20 years. The judgment and sentence became final on December 30, 2011, when the mandate issued in Petitioner's direct appeal. *See Willard v. State*, 75 So. 3d 728 (Fla. 1st DCA

2011) (unpublished table opinion). That should have been the end of the matter, but as discussed below, it was just the beginning.

Petitioner initiated this case (1D17-4390) by filing a petition for writ of mandamus asking this court to compel the clerk of the lower tribunal to provide him a copy of a public record that he had requested and paid $1 for. We denied the petition on the merits because Petitioner had not first sought this relief below by asking the trial court to rule on his pending public records suit. Petitioner's motion for rehearing does not identify anything that we overlooked or misapprehended in our ruling; it simply asks us again (this time in a condescending manner[1]) to compel the clerk of the lower tribunal to provide him a copy of the public record.

The public record sought by Petitioner was the "official or public record displaying the file number (or clerk instrument number) book number, page number, and recorded date for uniform traffic citation 8957 FPJ filed in the proceeding State of Florida v Ronald Willard." However, it appears from this court's records that Petitioner already has a copy of this traffic citation because he included it as an exhibit to the December 2016 postconviction motion that is the subject of case number 1D17-3811. To the extent that Petitioner is seeking a copy of the citation with a date-stamp showing when it was filed with the clerk of the lower tribunal, the February and May 2015 letters from the clerk that were also attached to the December 2016 postconviction motion informed Petitioner that the citation was not "clocked in" or formally transmitted to the clerk. Thus, it appears that Petitioner has long had the only document the clerk has that would be responsive to his public records request, which means that this mandamus proceeding and the underlying public

---

[1] The "wherefore" clause in the motion states:

→ Look, if anyone is even reading this, all I'm asking for is the Clerk of the Circuit Court to provide a copy of the one-page document, which has now cost me a ridiculous amount, even by Florida's standards.

2

records suit (both of which postdated the December 2016 postconviction motion) were pointless, if not frivolous.

Unfortunately, this is not Petitioner's only frivolous case in this court. He has filed numerous *pro se* appeals and petitions since his judgment and sentence became final in 2011. *See* Case Nos. 1D17-3811 (pending appeal of order denying successive rule 3.850 motion), 1D17-3507 (pending appeal of order denying construed successive rule 3.850 motion), 1D17-3475 (pending appeal of order denying motion for judicial notice); 1D15-3220 (appeal of order denying rule 3.800 motion); 1D15-2725 (appeal of order denying initial rule 3.850 motion); 1D15-0392 (appeal of order holding rule 3.800 motion in abeyance); 1D14-4659 (appeal of order denying rule 3.800 motion); 1D14-0009 (petition alleging ineffective assistance of appellate counsel); 1D13-4851 (appeal of order denying rule 3.800 motion). Petitioner has not obtained relief in any of the prior cases, and at some point, his postconviction filings and appeals need to stop. *See Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences, and there comes a point in every criminal case that the defendant needs to accept the finality of his judgment and sentence and just do his time."). If the filings and appeals continue, then (as the trial court warned Petitioner in the order on appeal in case number 1D17-3811) sanctions will be warranted. The sanctions that can be imposed by this court include, but are not limited to, a prohibition on *pro se* appeals and petitions and a referral to the Department of Corrections for disciplinary action and the forfeiture of gain time. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999); §§ 944.279, 944.28(2)(a), Fla. Stat.; Fla. R. App. P. 9.410. Thus, Petitioner should govern himself accordingly.

MOTION FOR REHEARING DENIED.

WETHERELL and KELSEY, JJ., concur; MAKAR, J., concurs with opinion.

_____

MAKAR, J., concurring in denial of rehearing.

Ronald Willard filed suit to compel the clerk of the circuit court to provide a one-page uniform traffic citation that he requested from the clerk, who sent him copies of many documents, but not the one he requested and paid for; the trial court has yet to rule on the matter. In this Court, Willard seeks an order to compel the trial court to rule upon his request for the document, but the law requires that Willard make an "express and distinct demand for performance" upon the *trial* court before this Court has authority to "compel a [trial] court to rule on a pleading in a civil matter," as stated in our disposition order. Willard says this litigation is only about getting the copy of the document. Willard may choose to make such a demand, but if all this case is about is a one-page public record requested by Willard, and if no dispute exists that he is entitled to it, a substantial amount of public funds and resources would be saved by the court system and the clerk's office if the matter were resolved without further litigation and unnecessary expense. If it is the case that Willard's insistence on this one page is yet another frivolous matter, I concur that Willard needs to "govern himself accordingly."

_____

Ronald Willard, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, for Respondent.