IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES LYONS,

       Petitioner,

 v.

                                       Case No. 5D22-2071
                                       LT Case No. 2020-DR-000632

LAURA M. STEINER,

       Respondent.
_____/

Opinion filed January 23, 2023

Petition for Certiorari Review of Orders
from the Circuit Court for Flagler County,
Christopher A. France, Judge.

James Lyons, Palm Coast, pro se.

Julia H. McLaughlin, of Owenby Law,
P.A., St. Augustine, for Respondent.


PER CURIAM.

     James Lyons petitions this court for the issuance of a writ of certiorari.

He contends that the trial court erred when it barred him from further pro se

filings in his post-final judgment paternity proceeding without first providing

him with notice and an opportunity to be heard before imposing this sanction.[1]  *See State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999) (stating that a court must first provide notice and an opportunity to be heard before barring a pro se party from future filings).

This court has recently granted certiorari relief to a pro se party when the trial court prohibited the litigant from future pro se filings without first complying with the *Spencer* procedure of issuing an order to show cause providing the litigant with reasonable notice and an opportunity to respond before imposing this sanction.  *See McCone v. Pitney Bowes, Inc.*, 342 So. 3d 826, 827 (Fla. 5th DCA 2022).  Because the trial court here did not follow this procedure, we grant the petition and quash, without prejudice, that part of the respective orders barring Lyons from pro se filings.[2]

PETITION GRANTED; ORDERS QUASHED.

LAMBERT, C.J., EVANDER and HARRIS, JJ., concur.

---

[1] Lyons also sought certiorari review of that aspect of one order restricting his timesharing with his minor child.  Lyons subsequently withdrew this claim.

[2] The trial court may reconsider whether to bar Lyons from future pro se filings; but if it does so, the court must comply with the procedural requirement of issuing an order to show cause that gives Lyons both reasonable notice and an opportunity to be heard.  We take no position on the merits of whether Lyons should be barred from future pro se filings below.