# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1219
Lower Tribunal No. F87-40231A
_____

**Donald Keith Rolling,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Donald Keith Rolling, in proper person.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. See State v. Spencer, 751 So. 2d 47, 48-49 (Fla. 1999) ("To achieve the best balance of a litigant's right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings, it is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence."); Spencer v. Kelner, 357 So. 3d 166, 168-69 (Fla. 4th DCA 2023) ("Although the amount of required notice does not turn on 'hard and fast rules . . . the party served with notice must have actual notice and time to prepare.'" (quoting Ferris v. Winn, 242 So. 3d 509, 510 (Fla. 2d DCA 2018))); Filmore v. State, 935 So. 2d 1282, 1283 (Fla. 4th DCA 2006) (affirming order prohibiting further pro se filings, finding "the trial court afforded appellant notice and an opportunity to be heard before imposing sanctions" where the state filed its motion to enjoin appellant from further pro se filings (placing him on notice of the potential sanction) and appellant had an adequate opportunity to respond to the motion); Massey v. State, 589 So. 2d 336, 337 (Fla. 5th DCA 1991) ("While lack of any notice, written or otherwise, is a due process violation, lack of written notice, when actual notice is given, is not.").