DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYRONE BRETT LIGHTSEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0800

[June 3, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin Samuel Fein, Judge; L.T. Case No. 062002CF020733C88810.

Tyrone Lightsey, South Bay, pro se.

James Uthmeier, Attorney General, Tallahassee, and Pablo Ignacio Tapia, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the order prohibiting Appellant from filing further pro se challenges to his conviction and sentence in the underlying case.

The trial court mistakenly characterized the underlying motion as a successive Florida Rule of Criminal Procedure 3.850 motion. Contrary to the court's ruling, Appellant's motion to correct an illegal sentence was not procedurally barred as successive. As Appellant points out, successive Florida Rule of Criminal Procedure 3.800(a) motions are allowed. *State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003).

The record does not show that Appellant has previously raised an *Erlinger*[1] challenge to his PRR sentence, so the issue was not precluded by collateral estoppel. *Id.* The State explains that the trial court denied a prior rule 3.800(a) motion that Appellant had filed in 2008 challenging the PRR sanction, but that motion raised an unrelated issue and was not based on *Erlinger* or the lack of jury findings.

---

[1] *Erlinger v. United States*, 602 U.S. 821 (2024).

Our reversal of this sanction order does not condone Appellant's prior abuse of the postconviction process. We agree that Appellant has filed frivolous and repetitive postconviction claims throughout his motion practice in this case. We cautioned Appellant against frivolous filing in June 2024 when he filed a habeas corpus petition in case number 4D2024-1532, attempting to relitigate his meritless claims. We dismissed that petition as unauthorized under *Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004), and warned him that further frivolous filing and abuse of postconviction relief procedures may result in *Spencer* sanctions. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999). We maintain that warning today. Appellant should not interpret this decision as authorizing him to resume filing procedurally barred or otherwise frivolous postconviction claims.

Accordingly, the trial court's order prohibiting Appellant from further pro se filings is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

KUNTZ, C.J., CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***