On Order to Show Cause
PER CURIAM.
In 1999, petitioner Zachary Chandler was convicted after jury trial of robbery and sentenced to twenty years in prison as a Habitual Felony Offender (HFO) with a fifteen-year mandatory minimum as a Prison Releasee Reoffender (PRR). On February 20, 2014, he filed a petition for writ of habeas corpus with this court and claims that the trial court orally pronounced an HFO sentence of only ten years and that the written sentence erroneously provided for a twenty-year sentence.
A post-conviction challenge to a sentence may not be raised through a habeas corpus petition filed in this court. *23 Baker v. State, 878 So.2d 1236, 1241 (Fla.2004). By order, we dismissed the petition and ordered petitioner to show cause why sanctions should not be imposed. See State v. Spencer, 751 So.2d 47 (Fla.1999). Petitioner has responded and fails to show any valid justification for his frivolous and misleading filing. We impose sanctions.
A challenge to a discrepancy between an oral and written sentence may be raised in a rule 3.800(a) motion in the trial court. However, Chandler previously raised this same meritless claim in a prior rule 3.800 motion that was denied and affirmed on appeal in case number 4D11-4116. Chandler’s challenge centers on a typographical error,in the sentencing transcript that purportedly created a conflict between the trial court’s oral pronouncement and the written sentencing order. The record from the prior case reflects that the court reporter’s transcript of the proceedings contained a typographical error, which was confirmed by the reporter’s stenographic notes that clearly show that the court orally imposed a twenty-year sentence consistent with the sentencing order. Petitioner did not disclose in his habeas corpus petition that this meritless issue was previously rejected in a prior appeal or that the transcript was determined to contain a typographical error.
Nonetheless, fifteen years after sentencing,[1] Chandler continues his attempts to capitalize on what has been reliably shown to be nothing more than a typographical error. By alleging that the trial court in fact pronounced only a ten-year sentence, despite this claim having been refuted in prior proceedings, he has knowingly brought false information before this court. This petition is frivolous.
The clerk of this court is ordered to no longer accept any .papers filed by Zachary Chandler unless the document has been reviewed and signed by a member in good standing of the Florida Bar. Further, the clerk is directed to forward a certified copy of this order to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2013).

Sanctions imposed.

TAYLOR, FORST and KLINGENSMITH, JJ., concur.

. We note that if the trial court had in fact pronounced only a ten-year sentence, then the erroneous twenty-year written sentence would have been apparent immediately.