NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT M. FOX, JR., )
)
        Petitioner, )
)
v. )    Case No. 2D13-5031
)
SAM JOHNSON, Chairman Polk County )
Commissioners; GRADY JUDD, Sheriff )
of Polk County; POLK COUNTY )
SHERIFF'S OFFICE; and POLK COUNTY )
COMMISSIONERS, )
)
        Respondents. )
_____ )

Opinion filed July 2, 2014.

Petition for Writ of Certiorari to the Circuit
Court for the Tenth Judicial Circuit for Polk
County; sitting in its appellate capacity.

Robert M. Fox, Jr., pro se.

Janet A. McDonald, Assistant County
Attorney, Polk County Attorney's Office,
Bartow, for Respondent Polk County.

Mario J. Cabrera, Polk County Sheriff's
Office, Winter Haven, for Respondent Polk
County Sheriff's Office.


ALTENBERND, Judge.

        Robert M. Fox, Jr., seeks a writ of certiorari with respect to the circuit

court's order denying his amended petition for writ of mandamus. In his amended

petition, Mr. Fox, in essence, claimed that he was entitled to "statutory gain time" for time he was in county jail in Polk County Circuit Criminal Case Numbers CF93-4441A1-XX and CF94-3348A1-XX prior to being sentenced to prison on the revocation of his probation in those cases. He sought a writ of mandamus to require the Polk County Sheriff's Office and the Polk County Board of Commissioners to award him gain time pursuant to section 951.21(1), Florida Statutes (1993), which concerns gain time for good conduct for county prisoners. At the time Mr. Fox sought this relief in these cases, he was no longer a county prisoner. He had already been sentenced to prison and committed to the custody of the Florida Department of Corrections to serve his prison sentences, and neither the Sheriff's Office nor the County Commissioners had the indisputable legal duty, or even the power, to award him section 951.21(1) gain time against his DOC sentences. See, e.g., Haines v. Broward Cnty. Bd. of Comm'rs, 695 So. 2d 818, 819 (Fla. 4th DCA 1997) (affirming denial of petition for writ of mandamus that had been sought to require sheriff and county commissioners to award defendant gain time pursuant to section 951.21, Florida Statutes (1995), for time the defendant was in temporary custody of the sheriff, court explained "[a]fter a state prison sentence has been imposed, a defendant's entitlement to any gain time, even for a temporary stay in county jail, is a decision that rests with the Department of Corrections").

Accordingly, we deny Mr. Fox's petition for writ of certiorari.[1]

---

[1]Mr. Fox was adjudicated guilty of two counts each of lewd act upon a child under sixteen and contributing to the delinquency of a minor and one count of attempted sexual battery on a child under twelve in Polk County Circuit Criminal Case Numbers CF93-4441A1-XX and CF94-3348A1-XX. A portion of his sentences for those offenses included probation, which was subsequently revoked. Mr. Fox has initiated numerous proceedings with this court, most of which appear to have been filed after the revocation proceedings were commenced and all of which have merited no relief. See

Petition denied.


KELLY and LaROSE, JJ., Concur.

---

Fox v. State, No. 2D14-2572 (Fla. 2d DCA June 10, 2014) (denying petition for writ of mandamus by order reported at ---- WL -----); Fox v. State, No. 2D14-294 (Fla. 2d DCA Jan. 29, 2014) (denying petition for writ of prohibition by order reported at 2014 WL 1789105); Fox v. State, No. 2D13-4957 (Fla. 2d DCA Dec. 17, 2013) (denying petition for writ of habeas corpus by order reported at 2013 WL 7095379); Fox v. State, No. 2D13-4849 (Fla. 2d DCA Dec. 17, 2013) (denying amended petition for writ of habeas corpus by order reported at 2013 WL 7095382); Fox v. State, 122 So. 3d 374 (Fla. 2d DCA 2013) (dismissing petition for writ of prohibition by order in case number 2D13-4079 as duplicative of case number 2D13-3869); Fox v. State, No. 2D13-3869 (Fla. 2d DCA August 15, 2013) (denying petition for writ of prohibition by order reported at ---- WL -----); Fox v. State, 115 So. 3d 365 (Fla. 2d DCA 2013) (dismissing appeal in case number 2D13-2774 by order in summary Florida Rule of Criminal Procedure 3.800 case); Fox v. State, 114 So. 3d 945 (Fla. 2d DCA 2013) (affirming per curiam in case number 2D13-744 in Florida Rule of Criminal Procedure 3.850 case); Fox v. State, 114 So. 3d 945 (Fla. 2d DCA 2013) (affirming per curiam in case number 2D12-5724 summary rule 3.800 appeal); Fox v. State, No. 2D12-3696 (Fla. 2d DCA May 24, 2013) (affirming per curiam summary rule 3.800 appeal reported at 2013 WL 2278240); Fox v. State, No. 2D12-3694 (Fla. 2d DCA May 24, 2013) (Fla. 2d DCA May 24, 2013) (affirming per curiam summary rule 3.800 appeal reported at 2013 WL 2278243); Fox v. State, 92 So. 3d 829 (Fla. 2d DCA 2012) (affirming per curiam with citations in case number 2D11-6121 summary rule 3.800 appeal); Fox v. State, 90 So. 3d 285 (Fla. 2d DCA May 30, 2012) (affirming per curiam with citations in case number 2D12-2025 summary rule 3.800 appeal); Fox v. State, 30 So. 3d 500 (Fla. 2d DCA 2010) (affirming per curiam with citations in case number 2D09-5319 summary rule 3.800 appeal). In conjunction with the foregoing proceedings, Mr. Fox has made a multitude of filings, including motions for rehearing that were entirely frivolous.

Mr. Fox has also initiated at least two proceedings with the First District Court of Appeal that merited no relief. See Fox v. Fla. Dep't of Corr., 136 So. 3d 1217 (Fla. 1st DCA 2014) (denying petition for writ of certiorari on the merits in case number 1D13-4006); Fox v. Fla. Dep't of Corr., 133 So. 3d 932 (Fla. 1st DCA 2013) (denying petition for writ of certiorari on the merits in case number 1D13-2603).

Finally, at present Mr. Fox has one undecided proceeding pending with this court. See Fox v. State, No. 2D13-5256 (Fla. 2d DCA filed Oct. 23, 2013) (appealing order imposing sanctions and prohibiting Mr. Fox from filing any further pleadings without the assistance of counsel).

We intend to direct Mr. Fox, by separate order, to show cause why this court should not direct the clerk of the court to reject all appeals and original proceedings filed in this court related to circuit court case numbers CF93-4441A1-XX and CF94-3348A1-XX, unless the filing is submitted by a member in good standing of The Florida Bar pursuant to State v. Spencer, 751 So. 2d 47 (Fla. 1999).