NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT M. FOX, JR.,                    )
                                       )
        Petitioner,                    )
                                       )
v.                                     )        Case No. 2D13-5031
                                       )
SAM JOHNSON, Chairman Polk County      )
Commissioners; GRADY JUDD, Sheriff     )
of Polk County; POLK COUNTY            )
SHERIFF'S OFFICE; and POLK COUNTY      )
COMMISSIONERS,                         )
                                       )
        Respondents.                   )
_____)

Opinion filed December 31, 2014.

Petition for Writ of Certiorari to the Circuit
Court for the Tenth Judicial Circuit for Polk
County; sitting in its appellate capacity.

Robert M. Fox, Jr., pro se.

Janet A. McDonald, Assistant County
Attorney, Polk County Attorney's Office,
Bartow, for Respondent Polk County.

Mario J. Cabrera, Polk County Sheriff's
Office, Winter Haven, for Respondent Polk
County Sheriff's Office.


        ORDER RESTRICTING PETITIONER FROM FUTURE PRO SE FILINGS

PER CURIAM.

Robert M. Fox, Jr., petitioned this court for a writ of certiorari. By prior opinion, Fox v. Johnson, 141 So. 3d 709 (Fla. 2d DCA 2014), we denied Mr. Fox's petition and noted that he has initiated numerous proceedings with this court, none of which have merited relief. Id. at 710 n.1. By subsequent order dated September 4, 2014, we explained that Mr. Fox has initiated sixteen proceedings in this court, including a multitude of pleadings within those proceedings.

In addition to the current petition for writ of certiorari, Mr. Fox has initiated seven appeals of the summary denials of motions to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a): three petitions for writ of prohibition, two petitions for writ of habeas corpus, an appeal from the summary denial of a motion for postconviction relief filed under rule 3.850, a petition for writ of mandamus, and an appeal of a circuit court order imposing sanctions and prohibiting Mr. Fox from filing any further pleadings without the assistance of counsel. Mr. Fox has also initiated at least two proceedings with the First District Court of Appeal that merited no relief. See Fox v. Fla. Dep't of Corr., 136 So. 3d 1217 (Fla. 1st DCA 2014) (denying petition for writ of certiorari on the merits in case number 1D13-4006); Fox v. Fla. Dep't of Corr., 133 So. 3d 932 (Fla. 1st DCA 2013) (denying petition for writ of certiorari on the merits in case number 1D13-2603).

Consequently, we directed Mr. Fox to show cause why this court should not direct the clerk of court to reject all appeals and original proceedings filed in this court related to his criminal charges in Polk County Circuit Court Case Numbers CF93-4441A1-XX and CF94-3348A1-XX, unless the filing is submitted by a member in good

- 2 -

standing of The Florida Bar.  See State v. Spencer, 751 So. 2d 47 (Fla. 1999).  Mr. Fox failed to respond to our order.

Accordingly, we direct the clerk of this court to place in an inactive file any notices of appeal and original proceedings filed by Mr. Fox related to Polk County Circuit Court Case Numbers CF93-4441A1-XX and CF94-3348A1-XX, unless the filing is signed by a member in good standing of The Florida Bar.  See id. at 48-49.

ALTENBERND, KELLY, and LaROSE, JJ., Concur.