WARNER, J.
 

 In denying appellant’s motion to correct an illegal sentence, which alleged that he
 
 *99
 
 was improperly sentenced as a habitual offender, the trial court found: “Contrary to the defendant’s allegations, he was clearly sentenced as a habitual offender and given minimum mandatory sentences. This motion is frivolous and abusive.
 
 See State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999).” The court further ordered that a certified copy of the order be forwarded to appellant’s warden “for consideration of sanctions under Florida Statute sections 944.279(1), 944.28, and 944.09.”
 

 On appeal, the appellant argues that the trial court erred in imposing sanctions without affording him an evidentiary hearing. We affirm, as the trial court did not impose sanctions but referred the case to the Department of Corrections to consider statutory sanctions. The DOC, not the circuit court, holds a due process hearing, prior to the imposition of sanctions.
 
 See Spencer v. Fla. Dep’t of Corrections,
 
 828 So.2d 752, 754 (Fla.2002) (“The department’s rules specifically provide for discipline when a court finds that an inmate has filed a frivolous lawsuit. The rules also provide that an inmate charged with such a rule violation is entitled to a due process hearing before discipline is imposed. These rules specify how the due process hearing should be conducted, how the findings of fact should be determined, how the discipline should be determined, and how to appeal that decision.”) (internal citations omitted). The trial court is not required to provide an additional hearing to appellant prior to making its finding of frivolousness, which can be made strictly from the filings in the case.
 

 Affirmed.
 

 POLEN and LEVINE, JJ., concur.