PER CURIAM.
David Jerome seeks review of the trial court’s order denying his Motion to Correct Sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Jerome’s motion is without merit, and the trial court properly denied it.
We observe that Jerome has raised the identical claims in several previous-filed postconviction motions, and the trial court’s denial of those claims has been affirmed on appeal.[1] Jerome should be aware that the repeated filing of successive postconvietion motions, raising identical claims which have been denied on the merits and affirmed on appeal, is not without consequence. See State v. Spencer, 751 So.2d 47 (Fla.1999) (holding that a party who abuses the judicial process by filing repetitious and frivolous pleadings may,
upon proper notice, be denied further pro se access to the courts); Section 944.279(1), Florida Statutes (“A prisoner who is found by a court to have brought a frivolous or malicious ... collateral criminal proceeding ... is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.”); Fla. Admin. Code R. 33-601.104 (establishing procedures by which the Department of Corrections may withhold or forfeit a prisoner’s gain time).
Affirmed.

. See Jerome v. State, 13 So.3d 1065 (Fla. 3d DCA 2009); Jerome v. State, 3 So.3d 1262 (Fla. 3d DCA 2009); Jerome v. State, 980 So.2d 505 (Fla. 3d DCA 2008); Jerome v. State, 891 So.2d 1197 (Fla. 3d DCA 2005); Jerome v. State, 810 So.2d 951 (Fla. 3d DCA 2002); Jerome v. State, 744 So.2d 1255 (Fla. 3d DCA 1999).