WELLS, Chief Judge.
Charles L. Johnson appeals an order denying his motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) as successive. On appeal from a summary denial, this court must reverse unless the post-conviction record, see Fla. R App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
Because the record before us fails to make the required showing, we reverse the order on appeal and remand for an eviden-tiary hearing, or for the attachment of record excerpts conclusively showing that the appellant is not entitled to relief. See Fla. R.App. P. 9.141(b)(2)(D).
Moreover, because there is no indication in the record that the trial court entered a show cause order before barring Johnson from filing further pro se post-conviction motions, we reverse that aspect of the *369 order under review as well. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (finding that the trial court must first provide the defendant "with notice and an opportunity to respond before prohibiting further pro se attacks on a conviction and sentence as a sanction for prior repeated and frivolous motions); Fitzgerald v. State, 18 So.3d 1145, 1145 (Fla. 3d DCA 2009) (reversing an order prohibiting the defendant from filing further pro se pleadings where there was no indication in the record that the trial court had first entered a show cause order).
Reversed and remanded for further proceedings.