PER CURIAM.
We affirm the denial of appellant’s untimely and successive motion for postcon-viction relief and refer appellant to prison officials for disciplinary procedures.
Appellant’s convictions and sentences in this case became final in 2005, and he has previously filed postconviction motions in this case. In 2011, appellant filed a document titled “Memorandum and Affidavit to Vacate Judgment and Sentence for Lack of Subject Matter Jurisdiction.” Appellant filled out this document by writing in his name and other case-specific information. The incoherent document makes numerous absurd allegations that the convictions arise under contract law and are controlled by the Uniform Commercial Code. The document contends that the State had made a bankruptcy claim and that appellant was convicted of indirect criminal contempt. Appellant filled out a form affidavit which he attached to the document alleging that there was no “value” notice in *910 the information and that he believed he was being charged with a personal injury suit. He alleges that the court was acting in “quasi-admiralty jurisdiction.” These rambling, nonsensical filings are a gross abuse of postconviction relief procedures. The filing of frivolous and/or malicious documents like this will not be tolerated.
The Clerk is directed to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures. § 944.279(1), Fla. Stat. (2012). Appellant is cautioned that any further frivolous or malicious filing will result in this court no longer accepting his pro se filings. State v. Spencer, 751 So.2d 47 (Fla.1999).
POLEN, DAMOORGIAN and CIKLIN, JJ., concur.