On Order to Show Cause

PER CURIAM.
We previously affirmed the trial court’s November 8, 2013 order which denied appellant’s untimely, successive, and procedurally barred challenges to his convictions in the underlying cases which were entered in the year 2000.
The habeas corpus petitions which appellant filed in these cases raised a frivolous claim that he was convicted of an uncharged crime. The trial court agreed with the State’s response which correctly noted that these challenges were barred and which attached a copy of the information conclusively refuting appellant’s false and misleading allegations.
In this appeal, appellant filed a motion to supplement the record with another set of habeas corpus petitions that he allegedly filed in the trial court on August 13, 2012 and October 17, 2012. These petitions were not on appeal, but appellant provided us with a copy of his petitions, which raise frivolous claims that the prosecution violated his First Amendment rights because the prosecution was allegedly based on his religion. We granted the motion to supplement and affirmed the trial court’s order denying the filings on appeal. Because appellant has filed numerous abusive postconviction challenges and appeals, we issued an order to show cause why appellant should not be prohibited from further pro se filing in this court. State v. Spencer, 751 So.2d 47 (Fla.1999).
We have considered appellant’s April 28, 2014 response and find that it fails to show any cause why sanctions should not be imposed. The postconviction challenges presented in the underlying habeas corpus petitions were procedurally barred claims of trial court error as well as barred as untimely and successive. The trial court correctly determined that a writ of habeas corpus could not be used to circumvent these procedural bars. See Baker v. State, 878 So.2d 1236, 1241-2 (Fla.2004). The petitions raised frivolous claims.
While this appeal was pending, appellant filed a certiorari petition in case number 4D14-1066 which purported to seek review of the same underlying order but which raised a different, frivolous challenge to the convictions. His claim that the trial *428 court lacked jurisdiction because the State had nolle prossed the charges is frivolous because the State refiled the charges. That petition was denied by unpublished order. Yisrael v. State, No. 4D14-1066 (Fla. 4th DCA Apr. 14, 2014).
Appellant has initiated numerous merit-less postconviction challenges, appeals, or other proceedings challenging his convictions in the underlying cases. See Yisrael v. State, 855 So.2d 73 (Fla. 4th DCA 2003) (table) (4D03-2297); Yisrael v. State, 907 So.2d 543 (Fla. 4th DCA 2005) (table) (4D04-4896); Yisrael v. State, 905 So.2d 145 (Fla. 4th DCA 2005) (table) (4D05-347); Yisrael v. State, No. 4D05-658 (Fla. 4th DCA Jan. 9, 2006) (habeas corpus petition dismissed by unpublished order); Yisrael v. State, 11 So.3d 370 (Fla. 4th DCA 2009) (table) (4D09-769); Yisrael v. State, 52 So.3d 673 (Fla. 4th DCA 2011) (table) (4D10-1027); Yisrael v. State, No. 4D12-3278 (Fla. 4th DCA Apr. 1, 2013) (voluntarily dismissed by unpublished order). Appellant’s continued filing of untimely, successive, and frivolous postconviction challenges and.appeals interferes with this Court’s ability to consider legitimate claims.
Accordingly, the Clerk of this Court is directed to no longer accept any paper filed by appellant unless the document has been reviewed and signed by a member in good standing of the Florida Bar. The Clerk is directed to forward a certified copy of this order to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2013).
WARNER, CONNER and FORST, JJ., concur.