# Third District Court of Appeal

### State of Florida

Opinion filed July 1, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1829
Lower Tribunal No. 94-37277
_____

**Michael T. Weaver,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A case of original jurisdiction – Habeas Corpus.

Michael T. Weaver, in proper person.

Pamela Jo Bondi, Attorney General, and Linda Katz, Assistant Attorney General, for respondent.

Before ROTHENBERG, LOGUE and SCALES, JJ.

PER CURIAM.

On April 29, 2015, this Court issued an opinion denying Michael T. Weaver's petition for writ of habeas corpus, which challenged the legality of Weaver's 1999 criminal sentence. Our opinion contained an order to show cause why Weaver should not be prohibited from filing with this Court any further pro se appeals, petitions, motions, or other proceedings related to his criminal sentencing in circuit court case number 94-37277.

Weaver's response to the show cause order introduces no new argument or information for our consideration. We conclude that Weaver has not demonstrated good cause to justify further filings of appeals, petitions, motions, and other pleadings with this Court.[1]

We must balance Weaver's pro se right of access to courts with the Court's need to devote its finite resources to legitimate appeals. State v. Spencer, 751 So.

---

[1] Weaver maintains that his sentence was founded on an unlawful upward departure. In both his petition for writ of habeas corpus and his response to our order to show cause, Weaver states that he was not treated the same as similarly situated defendants. To support this allegation, Weaver cites to Maddox v. State, 760 So. 2d 89 (Fla. 2000) in his petition, as well as to several other cases in which defendants benefitted from procedural errors in upward departure sentencing. The record in the instant case reveals no such procedural errors. In exchange for a reduction from a first degree murder charge to a second degree murder charge, Weaver entered into a plea agreement in which his sentence could range from the minimum to the maximum penalty. Any potential departure was subsumed within the plea agreement. As the Florida Supreme Court stated in Maddox: "In the departure context . . . this Court distinguished between departure sentences following a trial and those based on a negotiated plea. A valid plea agreement constitutes clear and convincing grounds for the trial judge to impose a departure sentence." Id. at 107.

2d 47, 48 (Fla. 1999) ("[D]enying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant . . ."). Accordingly, after an order to show cause and an opportunity to answer, a court may prevent further filings. Id.

It is hereby ordered that the Clerk of the Court of the Third District Court of Appeal shall refuse to accept further pro se filings related to case number 94-37277; provided, however, that filings related to case number 94-37277 may be accepted by the Clerk if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any such further and unauthorized pro se filings by Weaver will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.