# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1799
Lower Tribunal No. F09-40479
_____

**Rafael Toirac-Aguilera,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Rafael Toirac-Aguilera, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Rafael Toirac-Aguilera appeals the trial court's order barring him from further pro se filings without a signature from a member of the Florida Bar. We have jurisdiction. See Fla. R. App. P. 9.140(b). Because we find the trial court's order did not furnish the requisite notice before imposing this sanction, we reverse and remand.[1]

Following Toirac-Aguilera's filing of repetitive, successive postconviction pleadings, the State moved for an order to show cause why he should not be held in contempt of court and be prohibited from any further pro se filings. The trial court found probable cause to believe Toirac-Aguilera had filed frivolous and successive motions and abused the judicial system with repeated filings. On June 14, 2021, the court ordered Toirac-Aguilera to show cause why he should not be held in contempt of court for filing successive and frivolous pleadings and reset the matter for 45 days. Toirac-Aguilera moved for an extension of time to file a response to the show cause order contending he received the order on July 7, 2021. He placed said motion for enlargement of time in the hands of prison officials on July 23, 2021, and it was docketed on August 2, 2021. On August 5, 2021, the matter

---

[1] Nothing in this opinion shall serve as an adjudication on the merits nor should it be construed to prevent the trial court from exercising its discretion in issuing a Spencer order providing the defendant with proper notice and an opportunity to be heard.

came before the court. The court, not having received any response to the order to show cause, imposed sanctions barring Toirac-Aguilera from filing further pro se pleadings, motions and petitions relating to his conviction and sentence. The court did not rule on the request for extension of time; we note, however, that there is nothing in the record to indicate the court was aware of the filing of the defendant's motion.

We write to address two specific issues with respect to the order to show cause issued in this case. First, while the State sought both to have Toirac-Aguilera held in contempt and barred from further pro se filings, the trial court only ordered that the defendant show cause why he should not be held in contempt of court. It is clear from the court's findings regarding Toirac-Aguilera's successive and frivolous motions that the court fully intended to issue a Spencer[2] order. A Spencer order requires that courts furnish notice before restricting litigants from filing pro se pleadings with the court based upon a litigant's egregious abuse of the judicial process. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) ("To achieve the best balance of a litigant's right of access to courts and the need of the courts to prevent repetitious and frivolous pleadings, it is important for courts to first provide notice and an opportunity to respond before preventing that litigant

---

[2] State v. Spencer, 751 So. 2d 47 (Fla. 1999).

3

from bringing further attacks on his or her conviction and sentence."). The court's order, however, did not direct Toirac-Aguilera to show cause why he should not be prohibited from filing any further pro se pleadings, motions or petitions relating to his conviction and sentence. As such, the court's order did not furnish the requisite notice that Toirac-Aguilera would be barred from pro se filings before imposing sanctions.

Second, we clarify that curbing a pro se litigant's abuse of the judicial process by precluding pro se filing is not the same as finding him in contempt. The court's order placed the defendant on notice that he was facing contempt, but failed to specify whether it was civil or criminal contempt. "[T]he purpose of *criminal* contempt . . . is to *punish.*" Parisi v. Broward County, 769 So. 2d 359, 364 (Fla. 2000) (quoting Bowen v. Bowen, 471 So. 2d 1274, 1277 (Fla. 1985). "[C]riminal contempt is 'a crime in the ordinary sense'" and may subject the defendant to further imprisonment. Id. (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826 (1994). While the court here did not ultimately find Toirac-Aguilera in contempt, the sanctions order failed to conform to the sanctions contemplated in the order to show cause.

Reversed and remanded.

4