# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2025-2992
LT Case No. 2021-304846-CFDB

———————————————

ENRIQUE VILOMAR,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

———————————————

Original Proceeding for
Petition for Writ of Mandamus.

Enrique Vilomar, Monticello, pro se.

No Appearance for Respondent.

January 2, 2026

PER CURIAM.

Enrique Vilomar, an indigent inmate housed in the Florida Department of Corrections, was tried and convicted in the circuit court in Volusia County, case number 2021-304846-CFDB, of various crimes. Vilomar appealed, and his convictions and sentences were affirmed without opinion. *Vilomar v. State*, 375 So. 3d 281 (Fla. 5th DCA 2023). Mandate issued on December 29, 2023.

Vilomar now petitions this court for mandamus relief to compel the State to provide him with transcripts of all hearings

that were held in his criminal case. The record from Vilomar's direct appeal shows that the transcript from his entire trial, including sentencing, was prepared and filed as was the transcript from an evidentiary hearing held shortly before trial on Vilomar's motion to suppress evidence. Vilomar's instant mandamus request apparently seeks to have transcripts prepared from any other hearing held in the case, though he does not specifically describe what other hearings may have been held.

Vilomar's mandamus request comes more than twenty-two months after his judgment and sentence became final. As this court explained long ago, "[w]hile indigent convicts can get the free copies [of the transcripts and documents] and services for plenary appeal there is no provision in law to obtain them thereafter." *Ridge v. Adams*, 643 So. 2d 116, 117 (Fla. 5th DCA 1994); *see also Pacheco v. State*, 75 So. 3d 769, 769 (Fla. 3d DCA 2011) ("Beyond the record provided for a direct appeal, [a prisoner] is not entitled to free transcripts to assist in the preparation of either a postconviction motion or a petition for extraordinary relief." (quoting *Sanders v. State*, 62 So. 3d 1176, 1176 (Fla. 4th DCA 2011))).

Accordingly, Vilomar's application for writ of mandamus is denied on the merits. Additionally, as this is now the second time that Vilomar has unsuccessfully sought mandamus relief for these records, we caution that any additional pro se efforts on his part seeking free transcripts or other documents pertaining to circuit court case number 2021-304846-CFDB may lead to disciplinary proceedings under *State v. Spencer*, 751 So. 2d 47 (Fla. 1999).

WRIT DENIED; PETITIONER CAUTIONED.

JAY, C.J., and LAMBERT and HARRIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____