# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2402
Lower Tribunal No. 03-5870
_____

**Henry Abner Thomas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Henry Abner Thomas, in proper person.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before ROTHENBERG, SALTER and SCALES, JJ.

PER CURIAM.

On May 27, 2015, this Court issued an opinion denying Henry Abner Thomas's appeal from an order of the trial court finding him in contempt due to his numerous filings in circuit court on the same issue.[1] Our opinion contained an order to show cause why Thomas should not be prohibited from filing with this Court any further pro se appeals, petitions, motions, or other proceedings related to his criminal sentencing in circuit court case number 03-5870.[2]

In both his petition for writ of habeas corpus and his response to our order to show cause, Thomas states that because the State never filed an information, the State lacked subject matter jurisdiction to try and convict him of any criminal offense.

Thomas's allegation is conclusively refuted by the record. The record contains the original information with the original file date stamp. Furthermore,

_____

[1] On May 13, 2005, in circuit court case number 03-5870, a jury found Thomas guilty of four counts of third degree grand theft and one count of conspiracy to commit grand theft. Thomas was sentenced to twenty-five years in prison as a habitual offender. Thomas's direct appeal was affirmed by this Court on August 22, 2007. See Thomas v. State, 963 So. 2d 718 (Fla. 3d DCA 2007).

[2] On many occasions, this Court has reviewed Thomas's related, unsuccessful postconviction motions and petitions regarding circuit court case number 03-5870. See Thomas v. State, 134 So. 3d 468 (Fla. 3d DCA 2014) (Table); Thomas v. State, 140 So. 3d 594 (Fla. 3d DCA 2013) (Table); Thomas v. State, 119 So. 3d 1262 (Fla. 3d DCA 2013) (Table); Thomas v. State, 121 So. 3d 560 (Fla. 3d DCA 2013) (Table); Thomas v. State, 86 So. 3d 1133 (Fla. 3d DCA 2012) (Table); Thomas v. State, 43 So. 3d 60 (Fla. 3d DCA 2010) (Table); Thomas v. State, 993 So. 2d 532 (Fla. 3d DCA 2008) (Table); Thomas v. McRay, 928 So. 2d 353 (Fla. 3d DCA 2006) (Table).

Thomas, acting *pro se*, filed a plethora of motions in which he either referenced the information, thereby acknowledging it, or reiterated the exact charges he was facing. Therefore, it is clear from the record that he was fully aware of the information and the charges contained therein.

Because Thomas's response to our show cause order introduces no new argument or information for our consideration, we conclude that Thomas has not demonstrated good cause to justify further filings of appeals, petitions, motions, and other pleadings with this Court.

We must balance Thomas's pro se right of access to courts with the Court's need to devote its finite resources to legitimate appeals. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) ("[D]enying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant . . ."). Accordingly, after an order to show cause and an opportunity to answer, a court may prevent such further filings. Id.

It is hereby ordered that the Clerk of the Court of the Third District Court of Appeal shall refuse to accept further pro se filings related to case number 03-5870; provided, however, that filings related to case number 03-5870 may be accepted by the Clerk if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any further and unauthorized pro se filings by Thomas will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.