# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.

_____

No. 3D15-1898
Lower Tribunal No. 01-18283

_____

**Bernard Bonner,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.315(a) from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge, and Leonard E. Glick, Senior Judge.

Bernard Bonner, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and WELLS and LOGUE, JJ.

ON MOTION FOR REHEARING

SUAREZ, C.J.

On December 16, 2015, this Court issued an opinion denying Bernard Bonner's ("Bonner") petition for writ of habeas corpus and his motion for

rehearing thereon. Bonner has moved for rehearing of that denial. We deny that motion for rehearing.

In addition, our opinion contained an order to show cause why Bonner should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number F01-18283. Bonner filed his response on January 29, 2015 but failed therein to show good cause to justify further pro se filings of appeals, petitions, motions, and other pleadings with this Court.

We must balance Bonner's pro se right of access to courts with the Court's need to devote its finite resources to legitimate appeals, recognizing the seriousness of the sanction when the litigant is a criminal defendant. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). After an order to show cause and an opportunity to respond, a court may prevent such further filings. Id.

It is hereby ordered that the Clerk of the Court of the Third District Court of Appeal shall refuse further pro se filings related to case number F01-18283; provided, however, that filings related to case number F01-18283 may be accepted by the Clerk if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any further and unauthorized pro se filings by Bonner will subject him to sanctions, including the issuance of written findings forwarded to the Florida

Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.