IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD A. JEANNIN,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2931

Opinion filed August 25, 2016.

Petition for Writ of Habeas Corpus -- Original Jurisdiction.

Richard A. Jeannin, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, for Respondent.

PER CURIAM.

       The petition for writ of habeas corpus is dismissed. See Baker v. State, 878 So. 2d 1236 (Fla. 2004).

Because this petition for writ of habeas corpus was the tenth unsuccessful proceeding filed in this court to challenge his 1992 conviction of two counts of sexual battery and one count of lewd and lascivious act in the presence of a child, petitioner was directed to show cause why sanctions should not be imposed against him, including a prohibition against any future appeals or petitions challenging the judgment and sentence, unless petitioner is represented by an attorney in good standing with The Florida Bar.  See State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999).  Petitioner's response fails to present a legal reason why sanctions should not be imposed.

Because it is apparent that petitioner's continued and repeated attacks on his conviction and sentence have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Clay County Circuit Court case number 1992-CF-000087.  The clerk of this court is directed not to accept any future filings concerning that case unless they are signed by a member in good standing of The Florida Bar.

Petitioner is warned that any filings that violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes (2015) (providing that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal is subject to

disciplinary procedures pursuant to the rules of the Department of Corrections).  See

Fla. R. App. P. 9.410.

BILBREY, KELSEY, and M.K. THOMAS, JJ., CONCUR.