ORDER RESTRICTING PETITIONER FROM FUTURE PRO SE FILINGS
PER CURIAM.
By order of January 9, 2014, we denied Kenneth McKenna’s petition for writ of habeas corpus. In the same order, we noted that Mr. McKenna’s frequent sub *436 missions of frivolous and repetitious filings have burdened the limited resources of this court, resources that are better reserved for the resolution of genuine disputes. We explained that Mr. McKenna has initiated a total, of forty-nine proceedings in this court relating to his conviction in circuit court case number 87-CF-2388.
Between 2006 and 2008, Mr. McKenna filed twenty-three proceedings challenging his criminal conviction, nineteen of which were copies of the same petition alleging ineffective assistance of appellate counsel. Since 2009, he has filed six petitions for writ of habeas corpus raising identical issues of trial court error that were or should have been raised on direct appeal; four petitions alleging ineffective assistance of appellate counsel, challenging this court’s denial of his prior petition for writ of habeas corpus on the basis of fraud or manifest injustice; and one other original proceeding raising a claim of manifest injustice. Ñot listed in our order were multiple petitions for writ of habeas corpus, petitions for writ of mandamus, and other original proceedings filed before 2006.
Consequently, we directed Mr. McKen-na to show cause why this court should not direct the clerk of the court to reject all appeals and original proceedings filed in this court related to circuit court case number 87-CF-2388, unless the filing is submitted by a member in good standing of The Florida Bar. See State v. Spencer, 751 So.2d 47 (Fla.1999).
In his response, Mr. McKenna simply reargues his claim of trial court error and manifest injustice. He contends that his prior pleadings were never adjudicated on the merits and that he is being unfairly denied a meaningful review of his allegations. As outlined in our detailed order of January 9, 2014, Mr. McKenna’s allegations have been addressed by this court and have been found to be either meritless or procedurally barred.
Accordingly, we direct the clerk of this court to place in an inactive file any notices of appeal and original proceedings filed by Mr. McKenna related to circuit court case 87-CF-2388, unless the filing is signed by a member in good standing of The Florida Bar. See Spencer, 751 So.2d at 48-49.
ALTENBERND, KELLY, and VILLANTI, JJ„ Concur.