NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| STEVEN T. HUMPHREY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D18-1577 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed October 31, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court
for Hillsborough County;
Vivian T. Corvo, Judge.

Steven T. Humphrey, pro se.

**ORDER RESTRICTING APPELLANT FROM FUTURE PRO SE FILINGS**

PER CURIAM.

By order of June 26, 2018, we dismissed Steven Humphrey's appeal for

failure to comply with an order of this court. Our order detailed Humphrey's initiation of

over thirty proceedings in this court related to his criminal charges in Hillsborough

County circuit court case numbers 07-CF-18225, 09-CF-4658, and 09-CF-6161. We

noted that his frequent and meritless filings and repeated failure to adhere to our orders

burdened the limited resources of this court and interfered with the resolution of genuine

disputes.

From 2011 to present, Humphrey has initiated over thirty proceedings in this court regarding his criminal charges in the aforementioned criminal case numbers.[1] Humphrey filed nine appeals from the denials of motions for postconviction relief under Florida Rule of Criminal Procedure 3.850, which were either affirmed or dismissed, and Humphrey filed three petitions for writ of mandamus that were denied.

Aside from those cases, Humphrey has frequently failed to comply with multiple orders from this court, resulting in the dismissal of over twenty other proceedings. In these cases, this court was unable to determine its jurisdiction based on Humphrey's notices of appeal or petitions. Frequently, Humphrey's notices and petitions were riddled with extraneous information, including multiple case numbers and dates which compounded the difficulty of interpreting his filings. This court issued orders directing Humphrey to clarify which trial court orders he sought review of in each proceeding and often directed him to include only the pertinent case numbers in his response. However, Humphrey either failed to respond or his responses failed to comply with our orders, resulting in the dismissal of those proceedings.

Accordingly, we directed Humphrey to show cause why this court should not direct the clerk to reject pleadings in this court related to his three circuit court case numbers unless the filing is related to a pending appeal or submitted by a licensed Florida attorney. See State v. Spencer, 751 So. 2d 47, 48-49 (Fla. 1999).

Humphrey filed a response that is similar to his other filings. It has multiple case numbers written in the margins and includes extraneous information and attachments. We have reviewed Humphrey's response and are unable to discern any

_____

[1]This court affirmed the appeal of his judgment and sentence without prejudice to file a motion for postconviction relief. See Humphrey v. State, 98 So. 3d 251 (Fla. 2d DCA 2012).. 1

argument that is responsive to our order to show cause. As such, we find that Humphrey has failed to show cause why he should not be prohibited from filing future pro se appeals related to his criminal charges stemming from the aforementioned Hillsborough County cases.

Accordingly, we direct the clerk of this court to place in an inactive file any notices of appeal related to circuit court case numbers 07-CF-18225, 09-CF-4658, and 09-CF-6161, unless the filing is signed by a member in good standing of The Florida Bar. See Spencer, 751 So. 2d at 48-49; McKenna v. State, 161 So. 3d 435 (Fla. 2d DCA 2014).

SILBERMAN, VILLANTI, and CRENSHAW, JJ., Concur.