# Third District Court of Appeal

## State of Florida

Opinion filed July 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1100
Lower Tribunal No. 00-12050
_____

**Keon Chambers a/k/a Keion Chambers,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Keon Chambers a/k/a Keion Chambers, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

ROTHENBERG, C.J.

Keon Chambers a/k/a Keion Chambers ("the defendant") appeals the trial court's order:  (1) denying his rule 3.800(a) motion to vacate or set aside what the

defendant claims is an illegal sentence; and (2) prohibiting the defendant from filing any further pro se pleadings. Because the defendant's arguments regarding the legality of the sentences imposed is without merit, we affirm the portion of the trial court's order denying the defendant's motion to vacate or set aside his sentence. We, however, reverse the second portion of the trial court's order as there is nothing in the record demonstrating that prior to prohibiting the defendant from filing any further pro se pleadings related to the instant case, the trial court followed the procedures required to impose such a restriction. See State v. Spencer, 751 So. 2d 47 (Fla. 1999).

Under Spencer, the Florida Supreme Court recognized the need to balance the court's ability to devote its time and resources to legitimate, non-frivolous claims, with the litigant's right of access to the courts. Spencer, 751 So. 2d at 48. The Florida Supreme Court, therefore, empowered the courts to prohibit further pro se pleadings in appropriate circumstances, but only after providing the litigant with notice and an opportunity to be heard through the issuance of an order to show cause. Id. at 48. Not only does this procedure allow the litigant the opportunity to present an argument as to why he or she should not be prohibited from further filings, it also serves to generate a more complete record. Id. at 48-49.

Because there is nothing in the record to reflect that this procedure was followed, we reverse the portion of the trial court's order prohibiting the defendant from filing further pro se pleadings in this case without prejudice to the trial court, if it still wishes to preclude the defendant from filing further pro se pleadings in the instant case, to issue the appropriate notice and to provide the defendant with an opportunity to be heard.

Affirmed, in part; reversed, in part.