# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2019.

_____

No. 3D19-190
Lower Tribunal No. 06-24000B
_____

**Wade Pounds,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Wade Pounds, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and HENDON, JJ.

*ON CONFESSION OF ERROR*

PER CURIAM.

Wade Pounds appeals the trial court's order summarily denying his December 3, 2018 *pro se* motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as successive upon finding that Pounds raised the same ground for relief – newly discovered evidence – in an August 23, 2018 postconviction motion that the lower court denied in a November 1, 2018 order.[1] As the State properly and commendably concedes, Pounds did not raise the issue of newly discovered evidence as a ground for relief in his August 23, 2018 postconviction motion. We therefore reverse the order on appeal and remand for further proceedings.[2] If, on remand, the trial court again determines to summarily deny Pounds's claim, the trial court shall attach record excerpts showing that Pounds is not entitled to relief. See Fla. R. App. P. 9.141(b)(2)(D).

We note that, in the order on review, the trial court also *both* (i) ordered Pounds to show cause why he should not be prohibited from filing any further *pro se* pleadings in lower tribunal case number F06-24000B, *and* (ii) prohibited Pounds from filing any further *pro se* pleadings. Because the trial court failed to follow the procedure required to impose such a prohibition, see State v. Spencer,

---

[1] This Court affirmed the trial court's November 1, 2018 denial of Pounds's August 23, 2018 motion in appellate case number 3D18-2510. See Pounds v. State, No. 3D18-2510 (Fla. 3d DCA Apr. 17, 2019).

[2] We express no opinion as to whether Pounds's claim of newly discovered evidence is legally sufficient.

2

751 So. 2d 47 (Fla. 1999), we reverse this portion of the trial court's order as well. If, on remand, the trial court still wishes to preclude Pounds from filing further *pro se* pleadings in the lower court case, the court shall first issue the appropriate notice and provide Pounds with an opportunity to be heard. Chambers v. State, 225 So. 3d 311, 311-12 (Fla. 3d DCA 2017).

Reversed and remanded.